**AMERICAN GENERAL INS. CO. v. BOOZE et al.**

No. 10412.

Circuit Court of Appeals, Ninth Circuit.

Dec. 28, 1944.

Rehearing Denied Jan. 29, 1945.

Forrest A. Betts, of Los Angeles, Cal., for appellant.

Peters and Peters, of Chico, Cal., for appellee Frank L. Vincent.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This was an action by appellant, American General Insurance Company, against appellees, L. L. Booze and Frank L. Vincent, in the District Court of the United States for the Northern District of California. Appellees moved to dismiss the action. From a judgment granting the motions and dismissing the action this appeal is prosecuted.

The grounds of the motions were that the District Court had no jurisdiction over the subject matter of the action, that the complaint failed to state a claim upon which relief could be granted, and that the issues involved in this action were involved in another pending action, namely, an action by appellee Booze against appellee Vincent in the Superior Court of Butte County, California. To determine whether or not the motions were well founded, we examine the complaint.

The complaint stated, in substance and effect, that appellant was a Texas corporation and hence a citizen of Texas; that appellees were citizens of California; and that appellant had issued to appellee Vincent its liability policy covering, for the period of one year commencing May 22, 1941, an automobile owned and used by Vincent in his dairy business at Chico, in Butte County, California. A copy of the policy was attached to and made part of the complaint.

By the policy, and subject to its terms and conditions, appellant agreed to "pay on behalf of the Insured [Vincent] all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile," and to "defend in his name and behalf any suit against the Insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent." The policy limited appellant's liability in respect of such injury to $10,000 for each person and, subject to that limit for each person, $20,000 for each accident, and excluded any obligation of appellant in respect of "bodily injury to or death of any employee of the Insured while engaged in the business of the Insured, other than domestic employment, or in the operation, maintenance or repair of the automobile, or to [sic] any obligation for which the Insured may be held liable under any Workmen's Compensation Law."

The complaint stated, in substance and effect, that on August 1, 1941, in Butte County, California, the automobile was involved in an accident wherein Vernon Booze, a minor son of appellee Booze, sustained bodily injuries from which he died on August 3, 1941, and that appellee Booze had brought an action against appellee Vincent in the Superior Court of Butte County, alleging, in substance, that Vernon Booze's injuries and resulting death were caused by the accident and arose out of Vincent's negligent use of the automobile, and praying damages therefor in the sum of $25,473.63.

The complaint further stated: "There is an actual controversy existing between plaintiff [appellant] and defendants [appellees] herein relative to the question of whether or not the policy * * * did or does cover any claims made by L. L. Booze or any other party in connection with the injury and death of the minor, Vernon Booze, so as to establish responsibility against the plaintiff because of said [policy]. It is contended by the plaintiff that the deceased, Vernon Booze, was at the time of the accident above described acting as an employee or apprentice of the defendant, Frank L. Vincent, within the course and scope of his employment, and that as such employee, the sole remedy of the defendant, L. L. Booze, for the death of his son, Vernon Booze, is under the provisions of the Workmen's Compensation Act of the State of California. It is further contended by plaintiff that said policy * * * does not cover any claims or actions brought on account of the injury and death of said employee, Vernon Booze, and that there is no obligation under said policy to defend the action above described now pending in the State court,[1] or to pay any judgment that might be rendered in said action. Plaintiff contends that the sole responsibility for the defense of any claims brought in connection with the death of Vernon Booze rests with Frank L. Vincent or with his workmen's compensation insurance carrier, if any. On the other hand, defendants, L. L. Booze and Frank L. Vincent, contend that the deceased, Vernon Booze, was not in the employ of Frank L. Vincent at the time of the accident and claim that the plaintiff is liable and responsible on said [policy] not only to Frank L. Vincent to defend him, in the above described State action, but also to L. L. Booze for any judgment, if any there be, entered in his favor and against Frank L. Vincent upon said judgment becoming final."

The complaint prayed, in substance and effect, for a judgment declaring the rights and obligations of appellant and appellees under the policy, and declaring that appellant was not thereby obligated to defend the action brought by appellee Booze against appellee Vincent or to pay any judgment which appellee Booze might obtain in that action.

It thus appears from the complaint that this was a case of actual controversy;[2] that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000,[3] and was between citizens of different States; that the District Court, therefore, had jurisdiction over the subject matter of the action;[4] and that the complaint stated a claim upon which declaratory relief could be granted.[5]

It appears from the complaint that, at the time this action was brought by appellant against appellees, the action brought by appellee Booze against appellee Vincent was still pending, and that no judgment had been rendered therein. Vincent therefore contends that there was no actual controversy between appellant and appellees and could be none unless and until such a judgment was rendered. There is no merit in this contention.[6]

Because, at the time this action was brought by appellant against appellees, there was no certainty that appellee Booze would obtain a judgment against appellee Vincent for more than $3,000, Vincent contends that the matter in controversy between appellant and appellees did not exceed, exclusive of interest and costs, the sum or value of $3,000. There is no merit in this contention.[7]

---

[1] Meaning, obviously, the action brought by appellee Booze against appellee Vincent in the Superior Court of Butte County.

[2] Cf. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Associated Indemnity Corporation v. Manning, 9 Cir., 92 F.2d 168; Farm Bureau Mutual Automobile Ins. Co. v. Daniel, 4 Cir., 92 F.2d 838; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; C. E. Carnes & Co. v. Employers' Liability Assurance Corporation, 5 Cir., 101 F.2d 739; Maryland Casualty Co. v. United Corporation, 1 Cir., 111 F.2d 443.

[3] Cf. United States Fidelity & Guaranty Co. v. Pierson, supra; Aetna Casualty & Surety Co. v. Yeatts, supra; C. E. Carnes & Co. v. Employers' Liability Assurance Corporation, supra; Maryland Casualty Co. v. United Corporation, supra.

[4] Judicial Code, §§ 24(1) and 274d, 28 U.S.C.A. §§ 41(1) and 400.

[5] See cases cited in footnote 2.

[6] See cases cited in footnote 2.

[7] See cases cited in footnote 3.

It does not appear from the complaint in this action that appellant was a party to the action brought by appellee Booze against appellee Vincent, or that the two actions involved the same issues. Dismissal of this action on that ground was therefore unwarranted.

The motions to dismiss should have been denied, and (appellees having answered) the case should have been heard on the merits.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.