Alister K. JEFFERSON and Genelle P. Jefferson, Plaintiffs,

v.

The LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, Ltd., Defendant.

No. 101–58 T.

United States District Court
S. D. California,
Central Division.

Nov. 5, 1958.

Light, Garcin & Grossman, Los Angeles, Cal., Herbert Grossman, Los Angeles, Cal., of counsel, for plaintiffs.

Dryden, Harrington, Horgan & Swartz, Los Angeles, Cal., David Hyatt, Los Angeles, Cal., of counsel, for defendant.

BICKS, District Judge.

In 1956 defendant, an English insurance carrier authorized to transact business in the State of California, issued a policy of insurance to plaintiffs,[1] wherein in consideration of the premiums paid and agreed to be paid, it undertook to insure plaintiffs against the risks therein set out, including " * * * physical loss or damage to the property insured * * * and liability to third persons for damages because of injury to or destruction of property including the loss of use thereof," in an aggregate amount exceeding $3,000.[2]

The term of the policy was three years from date of issuance, subject to the statutory provision for earlier cancellation at the election of either party: by the insureds, at any time upon their request, by the company, upon ten days written notice.[3]

On January 29, 1958, three weeks after the happening of the event immediately hereinafter to be described, the Company gave due notice of cancellation effective February 8, 1958.

An earth slide had occurred on the insureds' premises which caused a "vertical cut bank" to cave-in, precipitating earth and debris onto adjacent property as well as allegedly causing damage to the improvements on the insured premises. Contending "that by reason of the slide, a condition of instability has been created and is existing" which constitutes an "apparent danger and imminent peril," plaintiffs have brought this suit to obtain an adjudication that the purported cancellation is of no effect, and that the policy continues as a valid and subsisting obligation of the Company until the earth movement has become completely stabilized.

Since "it is our business in the federal courts to make sure that we are entitled to hear and decide the cases brought to us," Ambassador East, Inc., v. Orsatti, Inc., 3 Cir., 1958, 257 F.2d 79, 80; see also Kreider v. Cole, 3 Cir., 1907, 149 F. 647, the Court, *sua sponte*, during the

---

1. As originally written the policy ran in favor only of Alister K. Jefferson; by endorsement dated January 11, 1957 the named insured was corrected to read Alister K. Jefferson and Genelle P. Jefferson, husband and wife as joint tenants.

2. The exact coverage as to each risk is not material for the purposes of this decision.

3. Upon cancellation by the insureds, the Company is obligated to refund the excess of paid premiums above the short rates for the expired time; upon cancellation by the Company, its obligation is to refund the excess of paid premium above the prorata premium for the expired time.

trial, raised the question whether its jurisdiction had been properly invoked.

■ The threshold inquiry is, therefore, into the jurisdictional basis upon which this suit is laid. That it is brought under the Declaratory Judgments Act, 28 U.S.C.A. § 2201 cannot affect the result. That enactment "did not enlarge the jurisdiction of the courts of the United States. It merely provided a remedy for use in cases within their jurisdiction." Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 1946, 154 F.2d 884, 885, 165 A.L.R. 1068; Canadian Indemnity Co. v. Republic Indemnity Co., 9 Cir., 1955, 222 F.2d 601.

Plaintiffs predicate jurisdiction on 28 U.S.C.A. § 1332. The diversity of citizenship requirement has clearly been met; whether the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs[4] is a question not so readily disposed of. Neither the industry of Counsel nor the Court's independent research has been fruitful in finding a case which deals with this problem in the context of the facts presented herein.

■ Insurance litigation presents unique and difficult problems in determining federal monetary jurisdiction and has spawned a plethora of decisional law. The cases, seem generally, to fall into two large categories. The first involves suits wherein the validity of the insurance contract is not challenged, the sole issue being whether the event giving rise to the claim is one of the risks insured against. American General Ins. Co. v. Booze, 9 Cir., 1945, 146 F.2d 329, 330, is typical of this group. There, plaintiff had issued an automobile liability policy with limits of $10,000 for each person injured and a total of $20,-000 for each accident. Expressly excluded from its coverage was any obligation of the insurer in respect of "bodily injury to or death of any employee of the Insured while engaged in the business of the Insured". Suit had

been instituted against the insured to recover an amount in excess of $25,000 on behalf of a person who claimed to have suffered bodily injuries as a result of the operation of the insured's automobile. If the injured party did not come within the class of persons in respect to which the insured's liability was excluded, plaintiff was obligated to defend the suit and pay any judgment that might be rendered therein up to the limit of its liability under the policy. Contending that the injured party was at the time of the accident acting as an employee of the insured within the course and scope of his employment, the insurer brought suit for declaratory relief to determine its non-liability. Implicit in the finding of jurisdiction is that it is laid upon the quantum of liability asserted against the insured and not upon the limits of the policy. See also Canadian Indemnity Co. v. Republic Indemnity Co., supra; Hardware Mut. Casualty Co. v. Schantz, 5 Cir., 1949, 178 F.2d 779; Maryland Casualty Co. v. United Corporation of Massachusetts, 1 Cir., 1940, 111 F.2d 443; Trinity Universal Ins. Co. v. Woody, D.C.D.N.J.1942, 47 F.Supp. 327. Cf. Travelers Ins. Co. v. Young, D.C.S.D.N.Y.1937, 18 F.Supp. 450; Commercial Casualty Ins. Co. v. Humphrey, D.C.S.D.Tex.1935, 13 F.Supp. 174. Where the Court cannot perceive a controversy between the insured and the injured third party involving the requisite jurisdictional amount, jurisdiction to obtain declaratory relief as to liability or non-liability of the insurer does not lie, notwithstanding the face amount of the policy.

■ Also included in this first category are cases involving health and accident policies providing for periodic payments during the continuance of total and permanent disability of the insured, where the dispute relates not to the validity of the policy but only to whether the claim asserted by the insured falls within the scope of the coverage. In these

---

4. This suit was instituted prior to the passage of the amendment to § 1332 which raised the monetary minimum to $10,000.

cases the amount in controversy is the value of all unpaid installments claimed to have accrued to the date of suit. The aggregate sum which would be payable if the alleged permanent disability continued during the life expectancy of the assured, computed upon appropriate mortality tables, is not the determinant of our monetary jurisdiction. Commercial Casualty Ins. Co. v. Fowles, supra; Travelers Ins. Co. v. Greenfield, 5 Cir., 1946, 154 F.2d 950; Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 1940, 116 F.2d 434; Ginsburg v. Pacific Mutual Life Ins. Co. of California, 2 Cir., 1934, 69 F.2d 97; Myers v. Mutual Benefit Health and Accident Association, D.C.W. D.Va.1955, 130 F.Supp. 653; Shabotzky v. Massachusetts Mutual Life Ins. Co., D. C.S.D.N.Y.1937, 21 F.Supp. 166.

The second category is comprised of the cases in which cancellation of the insurance contract is sought or the validity thereof brought into question. Language is to be found in many of the cases from which it might be argued that the limit of the insurer's liability controls for the purposes of determining federal monetary jurisdiction. A review of those cases, however, will demonstrate the existence of facts which, assuming the policy to be valid, exposed the insurer to the risk of a present liability in an amount in excess of the monetary minimum required to sustain federal jurisdiction. Subdividing the cases in this category according to the types of insurance policy involved will contribute to a clearer analysis of the holdings. The cases treating with policies of life insurance could be placed into one subdivision, and policies of indemnity against liability for personal injuries, damage to or destruction of property, etc. into another.

Bell v. Philadelphia Life Ins. Co., 4 Cir., 1935, 78 F.2d 322, cited by plaintiff is the archetype of the life insurance cases. There the defendant had issued a $10,000 policy of insurance upon the life of the plaintiff. After a purported cancellation by the defendant, plaintiff brought suit for declaratory relief to determine that the policy was in full force and effect. In sustaining jurisdiction the Court at page 323, stated: "As such relief would directly determine the validity of a policy involving $10,000 life indemnity * * *, it is perfectly clear that it involves more than [the] $3000" minimal jurisdictional amount. See also Stephenson v. Equitable Life Assurance Society of United States, 4 Cir., 1937, 92 F.2d 406.

The holdings in the cases treating with the validity of life insurance policies are inapposite to the case at bar. Bearing in mind that the controversy must involve a monetary amount in at least the sum fixed by statute the distinction comes into clear focus as being real and not as one involving merely semantics. The amount in controversy in cases dealing with life insurance policies necessarily is the face amount of the policy. The undertaking of the insurer is to pay a fixed sum to the estate of the insured or to his designated beneficiary upon the happening of an event certain, the death of the insured. The uncertainty of life affects the date of payment and not the liability. The criterion for ascertaining the existence of our monetary jurisdiction in cases where the validity of a life policy is at issue is, therefore, properly the face amount of the policy. A suggestion that this amount should be reduced by the aggregate of the annual premiums (if the policy provides for such payments) required to be paid during the lifetime of the insured, and, that conceivably a time might come when the total of such payments plus a fair rate of interest thereon would reduce the difference between said sum and the face amount of the policy below $3,000 is without merit. The amount in controversy for jurisdictional purposes is not subject to increase or decrease based on conjecture as to future events.

Unlike the obligation of the life insurance carrier to pay a fixed sum on the happening of an event certain to occur, there is no way to predict the happening *vel non*, during the policy period, of the contingency insured against

by the policy *sub judice*. Equally uncertain, in the case at bar, are the nature and extent of any damages which may ensue, if the contingency upon which the insurer's liability depends occurs.

Traders & General Insurance Company v. Champ, 9 Cir., 1955, 225 F.2d 802, 806, typifies the other subdivision of the second category. At issue in that case was the validity of an attempted cancellation of a $10,000 policy of automobile liability insurance issued by the plaintiff. Intermediate the date of mailing of the notice of cancellation and the receipt of such notice, which for reasons not here material was one day after its intended effective date, the insured's automobile was in a serious collision. Several claims totaling in excess of $3,000 were asserted against the insured. After reciting the facts, the Court stated: "We believe that this case falls on the side where the federal courts do have jurisdiction in diversity cases." To the same effect see Builders & Manufacturers Mut. Casualty Co. v. Paquette, D.C. D.Me.1938, 21 F.Supp. 858.

The principle to be derived from the cases in the latter subdivision of the second category is that more than the mere existence of a policy in the face amount of at least $3,000 must be present if jurisdiction is to be upheld. There must also be a showing by facts *dehors* the policy that the controversy encompasses a presently existing claim or right of claim against the insured in the amount of $3,000 or more. Absent the existence of such claim determination of the validity of a policy falling within this subdivision cannot be said to raise, at least insofar as the issue of federal jurisdiction is concerned, more than an abstract problem. In the case at bar the only claims against the insured arise out of the earth slide which occurred on the insured premises on January 4, 1958. As to these, however, the insurer acknowledged liability having stated on the record that it does not take issue with respect thereto nor with respect to claims for damages proximately flowing therefrom which may hereafter be asserted.

Plaintiffs argue that they are unable to obtain coverage from another insurer. The monetary value to be ascribed to such inability lies wholly in the realm of conjecture.

Courts must guard their jurisdiction jealously and may not permit a case to be laid before them when founded only upon the most unsubstantial speculation. Plaintiffs have failed to sustain the burden, which is theirs, to demonstrate existence of jurisdiction. See Kvos, Inc., v. Associated Press, 1906, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183.

As appears from the record in this case a trial was held upon the merits during the course of which the jurisdictional question was raised by the Court. To avoid prejudice to the litigants which might result from an hiatus in the conduct of the case, should it appear that jurisdiction was properly invoked, counsel suggested that they be permitted to present all their evidence and that decision be reserved on the jurisdictional issue. In light of its conclusion that jurisdiction is lacking, the Court is constrained not to express any view on the merits of the cause.

The complaint is, accordingly dismissed. So ordered.