818

**MISSION INSURANCE COMPANY,**
Plaintiff,

v.

**William A. BROWN, Velma N. Brown, Arnold Ray Brown, Gayla Rae Brown, Aileen M. Kelly and Esther M. Alley,** Defendants.

No. 13306–1.

United States District Court
W. D. Missouri, W. D.
July 30, 1962.

McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Mo., for plaintiff.

Rogers, Field & Gentry, Kansas City, Mo., McFadin, Spooner & Kiser, North Kansas City, Mo., Louis N. Goessy, Kansas City, Mo., for defendants.

JOHN W. OLIVER, District Judge.

This case pends on motions of two defendants to dismiss plaintiff's complaint for declaratory judgment that put in issue the actual presence of the requisite jurisdictional amount. Defendant Gayla Rae Brown, the driver of one car, was the 19-year old wife of defendant Arnold Ray Brown, who was the son of William A. and Velma N. Brown. Gayla was allegedly involved in a motor vehicle collision on January 31, 1962 with another car driven by defendant Esther M. Alley and occupied by defendant Aileen M. Kelly. Plaintiff insurance company alleges that an exclusion endorsement on the policy insuring William A. and Velma N. Brown "excludes all coverage while the vehicle described therein is being operated by any person under the age of 25 years, except Arnold Ray Brown".

Plaintiff further alleges that defendant Kelly has filed a suit for damages against defendant Gayla Rae Brown in the Circuit Court of Jackson County, Missouri, at Independence seeking damages in the sum of $25,000.00. Plaintiff also alleges that defendant Alley is claiming damages for both body injury and property damage as a result of said collision and is threatening suit therefor. The amount of damages claimed by Alley is not alleged.

Plaintiff prays for a declaratory judgment of this Court that the policy of

insurance does not cover the loss, that plaintiff is not obligated to pay damages resulting from the collision, and that it is not obligated to defend any actions arising out of the collision.

Defendants William A. Brown and Velma N. Brown filed an answer to the merits praying that Gayla Rae Brown be declared an additional insured within the terms of said policy. Defendants Kelly and Alley filed the separate motions to dismiss.

It is conceded that the policy of insurance involved contained limitations of liability of $5,000 coverage for body injuries to one person, $10,000 for all persons injured in a single accident, and $5,000 property damage. The separate motions to dismiss raise the question of whether the requisite jurisdictional amount is shown to be involved in this case. In the suggestions in support of her motion, defendant Kelly states that "there is no showing that the defendant Esther M. Alley has a claim of such serious character that the plaintiff would be liable under its policy for the maximum amount which of course would be necessary should the Court permit the plaintiff to aggregate the claims of these two separate defendants in order to determine the amount of value involved necessary to give this Court jurisdiction".

Plaintiff, on the other hand, claims that "the yardstick in declaratory judgment actions to determine the validity or applicability of a policy of insurance is the total amount of coverage". If plaintiff is correct, then familiar principles (see Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)) would sustain the general jurisdiction of this Court because plaintiff's coverage exposure would be $10,000 for the two persons injured, and $5,000 for property damage.

We, however, do not believe that the amount of coverage is controlling.

The jurisdictional problem involved in this case arose infrequently before § 1332 of Title 28 U.S.C.A. was amended to raise the jurisdictional amount from $3,000 to $10,000. It will not be unexpected if the question presented by this case arises more frequently in the future. The rules of decision established before the amendment are generally applicable to cases that arise after the amendment.

Security Insurance Co. v. Jay, (D.C. Minn.1952), 109 F.Supp. 87, collected most of the cases but noted that "because the fact situations vary so substantially, no general rule seems available". That case, however, made clear that "the mere fact that a claim has not been filed should not determine if the court does or does not have jurisdiction". Thus the fact that defendant Alley has not yet filed suit does not, in and of itself, defeat the jurisdiction of the Court. As Judge Nordbye suggested, "each case must be determined on its realistic facts".

Jefferson v. Liverpool & London & Globe Insurance Co., (D.C.S.D.Cal.1958) 167 F.Supp. 389, makes clear that the limits of policy coverage are not the controlling realistic facts. In dismissing a declaratory judgment complaint that court held that "implicit in the finding of jurisdiction is that it is laid upon the quantum of liability asserted against the insured and not upon the limits of the policy". That court further held that "more than the mere existence of a policy in the face amount of at least $3,000 must be present if jurisdiction is to be upheld".

And, finally, that court held:

"Where the Court cannot perceive a controversy between the insured and the injured third party involving the requisite jurisdictional amount, jurisdiction to obtain declaratory relief as to liability or non-liability of the insurer does not lie, notwithstanding the face amount of the policy."

█ This Court is required to raise all questions of jurisdiction, including the presence or absence of jurisdictional amount, on its own motion should the parties fail so to do. Cf. Canadian In-

demnity Co. v. Republic Indemnity Co., (9th Cir., 1955), 222 F.2d 601. See also Kaufman v. Liberty Mutual Ins. Co., (3rd Cir., 1957), 245 F.2d 918.

The latter case presents the interesting problem that counsel for a plaintiff insurance Company seeking declaratory judgment must face in regard to the valuation of a claim which has not yet been reduced to suit. Admissions against interest as to the value of an unfiled claim may be involved.

■ Although plaintiff's complaint complies with the requirement of Rule 8(a) (1) of the Rules of Civil Procedure, 28 U.S.C.A., so far as the allegation of jurisdictional amount is concerned, it is apparent that defendants' motions to dismiss place in issue that allegation. Under the rule of Jefferson, above cited, there must therefore "be a showing by facts *dehors* the policy" that the controversy involves claims exceeding $10,-000, the minimum jurisdictional amount in a case such as this.

■ Because of the potential finality of a ruling on the jurisdictional question, the Court's ruling on the motions to dismiss should not be deferred until the time of trial. Such a procedure might involve a useless presentation of all facts on the merits. It is obvious, however, that the motions to dismiss cannot be ruled on the present state of the record. The Court therefore orders that within ten (10) days of the date of this Memorandum and Order:

1. Plaintiff file an amended complaint setting forth with particularity and by definite and specific allegations the facts concerning the probable value of the various claims involved.

2. All parties are given leave within the ten day period to file any affidavits relating to the question of jurisdictional amount that they may wish to file.

3. The Court will entertain any motion for a preliminary hearing of the jurisdictional question pursuant to Rule 12(c) of the Rules of Civil Procedure that any party may elect to file within the ten day period.

4. The Court defers any ruling on the pending motions until after the action ordered and permitted shall have been taken.

IT IS SO ORDERED.