UNION CONSTRUCTION CO., Inc.

v.

DILLINGHAM CORP., Mobile Pipe Constructors, Inc., and Black Lake Pipeline Co.

Civ. A. No. 69-C-104.

United States District Court,
S. D. Texas,
Corpus Christi Division.

March 22, 1971.

Lee Mahoney, Corpus Christi, Tex., for plaintiff.

Stanley P. Wilson, Abilene, Tex., James C. Watson, Corpus Christi, Tex., for defendants.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

This suit was originally filed by Union Construction Company, Inc., against Dillingham Corporation (successor to Dillingham Construction Corporation), Mobile Pipe Constructors, Inc., and Black Lake Pipeline Company, under Cause No. 100,453–B in the District Court of Nueces County, 117th Judicial

District of Texas. Defendant Black Lake Pipeline Company (hereafter called Black Lake) has filed its motion to remand.

This cause arrived in this United States District Court by virtue of two removal petitions, one filed by Defendant Dillingham Corporation, and the other filed by Defendant Mobile Pipe Constructors, Inc. (these two Defendants will hereafter be called Mobile-Dillingham). Defendant Black Lake did not file a removal petition nor did it join in either one of the two removal petitions filed.

While the lawsuit was originally filed by Plaintiff Union Construction Company, Inc. (hereafter called Union), the Defendants Mobile-Dillingham had a community of interest with the Plaintiff, and, in fact, the only justiciable controversy in this suit is that of Plaintiff and Mobile-Dillingham against Black Lake.

The community of interest above referred to came about by virtue of an agreement and assignment dated January 22, 1968, and executed prior to the institution of the suit in State Court, in which there was a mutual exchange of rights and claims which Plaintiff and Mobile-Dillingham had against Defendant Black Lake. A copy of such agreement and assignment is in the record before this Court as a part of the answers of Union to the interrogatories of Defendant Black Lake. There is no necessity to detail the various contractual provisions which accomplished such mutual exchange, since the lack of any justiciable controversy between Plaintiff, on the one hand, and Mobile-Dillingham, on the other, was admitted during oral argument on the motion to remand.

The Plaintiff and Mobile-Dillingham have no quarrel with each other and are trying to collect from Defendant Black Lake for additional work done by Union, and in which recovery Mobile-Dillingham has an interest, in connection with the construction of a pipeline for Defendant Black Lake. Under these circumstances, this Court has the authority to realign the parties so that those who are "for" will be on one side and those who are "against" will be on the other. In such realignment, Mobile-Dillingham are considered Plaintiffs along with Union.

Such realignment clearly points out that the removal was improvident. A plaintiff cannot remove a case from a State to a Federal Court. 28 U.S.C. § 1441, specifically permits removal by a defendant or defendants, but not by a plaintiff. Hedges v. Rudeloff, D.C., 196 F.Supp. 475 (1961).

The Plaintiff and Mobile-Dillingham oppose the remand, contending that no matter how improper the original removal may have been, Black Lake, by taking advantage of more liberal discovery procedures under the Federal rules, has waived any right that it might have had available to it at the beginning, and they contend that remand at this time would not be proper.

However, the Court doesn't consider the contention of waiver to be pertinent. The Court considers the foregoing reason for remanding the case to be a jurisdictional one. But, if it is not, nevertheless, the next reason the Court considers for remanding this case to the State Court is certainly one of jurisdiction.

In 28 U.S.C. § 1441(a), it is provided that except as otherwise expressly provided, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant *or the defendants,* to the district court of the United States * * *." (Emphasis ours.)

The language of this statute has been construed for many years to mean that defendants are to be treated collectively and, as a general rule, all defendants who may properly join in the removal petition *must* join. Chicago, Rock Island & Pacific Ry. Co. v. Martin (1900), 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; P. P. Farmers' Elevator Co. v. Farmers Elev. Mut. Ins. Co., 7

Cir., 395 F.2d 546, 547 (1968). The rule is applicable here.

■ Consequently, even if we consider Mobile-Dillingham to be truly Defendants, the record reflects that only two of three Defendants named in the original State Court suit moved for removal of the cause. The third Defendant, Black Lake, even though it could have properly joined in removal, did not. This case was removed without jurisdiction and the motion of Black Lake to remand should be granted; it is therefore

Ordered that this cause be, and it is hereby, remanded; and the Clerk is directed to mail a certified copy of this Order to the District Clerk of the 117th Judicial District Court, in and for Nueces County, Texas, from which court this cause was originally removed.