**Lawrence LEONARD et al., Plaintiffs,**

v.

**ABINGDON MOTOR COMPANY, Inc., et al., Defendants.**

**Civ. A. No. 2810.**

United States District Court, E. D. Tennessee, N. D.

Dec. 7, 1971.

Wendal D. Jackson, Bristol, Tenn., for plaintiffs.

Dick L. Johnson, Johnson City, Tenn., for defendant Abingdon Motor Co.

Joseph O. Fuller, Kingsport, Tenn., for defendant Ford Motor Co.

## MEMORANDUM AND ORDER

NEESE, District Judge.

This is an action purportedly between citizens of different states with the required jurisdictional amount present. 28 U.S.C. §§ 1332(a) (1), (c). The defendant Abingdon Motor Company (Abingdon) undertook to remove it from a state court. 28 U.S.C. § 1441(a). Its codefendant Ford Motor Company did not join in the removal.

■■ The defendant Abingdon filed a motion to dismiss the action for insufficient service of process. Rule 12(b) (5), Federal Rules of Civil Procedure. In considering such motion, the Court is obliged to notice its apparent want of jurisdiction on its own motion. Wil-

liams v. W. R. Grace & Company, D.C. Tenn. (1966), 252 F.Supp. 821, 823[5], [7]. "* * * Where several defendants are jointly sued in a state court on a joint cause of action, the suit, as a general rule, may not be removed to federal court on diversity grounds unless all the defendants join in the removal. * * *" Bradley v. Maryland Casualty Company, C.A. 8th (1967), 382 F.2d 415, 419[1]; see also 1A Moore's Federal Practice (2d ed.) 1171–1172, ¶ 0.168[3.–2].

Unless the defendant Abingdon shall show within 20 days herefrom why this action was not removed improvidently and without jurisdiction, it will be remanded to the state court whence it came upon an appropriate order regarding the cost of removal. 28 U.S.C. § 1447(c).