**UNITED STATES of America for the Use of Jack L. MILLER, t/d/b as Miller Lumber Company, Plaintiff,**

v.

**MATTINGLY BRIDGE CO., Inc., et al., Defendants.**

Civ. A. No. 6902.

United States District Court,
W. D. Kentucky,
Louisville Division.

Feb. 2, 1972.

E. Preston Young, Louisville, Ky., for plaintiff.

Robert L. Maddox, Jr., J. Kendrick Wells, III, Louisville, Ky., for defendants Mattingly Bridge Co. and Goebel Mattingly.

Davis M. Howerton, Jr., Louisville, Ky., for U. S. Fidelity & Guaranty Co.

## OPINION

ALLEN, District Judge.

This action is submitted to the Court on the motions of the defendants to dismiss it for lack of jurisdiction. The action was brought by the plaintiff purportedly under the Miller Act, Title 40 U.S.C.A. § 270a(a), (b), (c), and (d), and the amount in controversy exceeds $10,000.

It is alleged in the complaint that Jack L. Miller, the use plaintiff doing business as Miller Lumber Company, Augusta, Kentucky, furnished materials to the defendants, Mattingly Bridge Company, Inc. and Goebel Mattingly, in the sum of $27,178.32 for use on interstate highway projects conducted by the United States of America through its Bureau of Public Roads and the Commonwealth of Kentucky through its Department of Highways and that he has been paid nothing by said defendants on the amount owing for the materials.

Paragraph 3 of the complaint alleges that the materials were used by the defendants for the construction, alteration or repair of public works of the United States and the Commonwealth of Kentucky on Federal projects known as interstate highway construction.

Paragraph 4 alleges that defendant, United States Fidelity and Guaranty Company, hereinafter referred to as USF&G, is the surety upon the contract of Mattingly Bridge and has executed appropriate bonds to protect the United States of America on behalf of the plaintiff in the supplying of material sold and furnished by the plaintiff to the defendants on the jobs and projects identified in the pleading.

While the averments in the complaint are sufficient to bring the plaintiff within the scope of the Miller Act, it appears from an uncontradicted exhibit that no bond has been issued to the United States of America and that the contract which was entered into by Mattingly Bridge is with the Commonwealth of Kentucky for the construction of a portion of I–264 in Jefferson County, Kentucky.

Likewise, the bond which was executed by Mattingly Bridge runs in favor of the Commonwealth of Kentucky and not of the United States of America.

Title 40 U.S.C.A. § 270a(a) (1) and (a) (2) state as follows:

"(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':

(1) A performance bond with a surety or sureties satisfactory to the officer awarding such contract, and in such amount as he shall deem adequate, for the protection of the United States.

(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. Whenever the total amount payable by the terms of the contract shall be not more than $1,000,000 the said payment bond shall be in a sum of one-half the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be more than $1,000,000 and not more than $5,000,000, the said payment bond shall be in a sum of 40 per centum of the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be more than $5,000,000 the said payment bond shall be in the sum of $2,500,000."

The purpose of the Miller Act is to provide security of payment for suppliers who provide material for the public work of the United States. This security is necessary because such suppliers do not have enforceable rights for their compensation against the United States and cannot acquire a lien on property of the United States. United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947). While the Act is to be construed liberally, see Irwin v. United States, 316 U.S. 23, 62 S.Ct. 899, 86 L.Ed. 1241, it is the opinion of the Court that it does not apply where the work in question was not contracted for by the United States or by an agency of the United States or a person acting directly as an agent of the United States.

The wording of Title 40 U.S.C. A. § 270a, subsection (a), indicates strongly that Congress in using the word "contracts" had in mind only contracts between the United States and prime contractors, and not contracts to which the United States was not a party. In that section Congress, after speaking of the awarding of a contract for the construction and repair or erection of public buildings or works of the United States, speaks of the requirement of bonds being furnished to the United States. It seems clear to the Court that the contract referred to in that section

of the statute is one made by the United States or someone directly on its behalf.

Title 40 U.S.C.A. § 270a(a) (1) speaks of a performance bond satisfactory to the officer awarding the contract. The performance bond is for the benefit of the United States, and where there is no contract involving the United States it would need no bond.

Title 40 U.S.C.A. § 270a(a) (2) speaks of payment bonds and requires that they be in at least forty percent of the amount payable where the contract is in excess of $1,000,000. That section relates back to the first paragraph of the statute which refers to bonds in favor of the United States, and again where there is no contract in which the United States was involved it would not require a bond.

The plaintiff contends strenuously that the building of an interstate highway is a public project or work contemplated by the Miller Act. The answer to this contention is that this would be true where the United States contracted for the construction of the interstate highway involved, but such is not the case. It is noted in the cases that the plaintiff has cited, and particularly in *Irwin*, that the United States was a contracting party and that a bond was required in its favor. Likewise, in the case of United States v. Phoenix Assurance Co. of New York, 163 F.Supp. 713 (D.C.N.D.Cal.S.D., 1958), the contract was not formally in the name of the United States but the persons making the contract for the public building had authority to contract on behalf of the United States and were in fact Army personnel of the United States.

In the case of D. R. Smalley & Sons, Inc. v. United States, 372 F.2d 505, 178 Ct.Cl. 593, the plaintiff, an Ohio corporation engaged in the highway construction business, sued the United States for damages in the sum of $6,000,000 in connection with six contracts executed for the purpose of building certain Federal aid highway projects in the State of Ohio. The projects were a part of the Federal system of interstate highways on which the United States would reimburse the State of Ohio to the extent of ninety percent of its total cost, in accordance with Title 23 U.S.C.A. § 120, subsection (c) (1964).

The plaintiff alleged that the contracts were drafted pursuant to standards and regulations required by the United States and that the United States approved the contracts and that all changes in them were required to be submitted to it for its approval.

The Court of Claims held that the State of Ohio did not act as an agent of the United States in entering into the contracts with the plaintiff and that while close cooperation is intended between the United States and the individual states in carrying out the provisions of the Federal Aid Highways Act, the states or their agencies or officials are in no sense to become agents of the United States in projects authorized by that Act. See Eden Memorial Park Association v. United States, 300 F.2d 432, 439 (9th Cir., 1962).

It should be noted also that the plaintiffs have filed suit in the Jefferson Circuit Court on the same claims which they have presented in this Court. Therefore, they have a remedy in that court, and it appears from the pleadings, briefs and records filed in this action that the Jefferson Circuit Court is the proper forum in which to pursue their remedy.

In view of what has been said, it follows that this action is not the type of action that was contemplated by the Miller Act and, therefore, that the motion of the defendants to dismiss should be sustained.

While the opinion of the Court in this respect renders the motion of the defendant, Mattingly Bridge Co., Inc., for an order abating and restraining prosecution of this action moot, the Court, in order to dispose of all matters pending before it should there be an appeal, states that it is of the opinion that an order of abatement would not be proper at this time. The proposed order is

based upon the proposition that Mattingly Bridge Co., Inc. was engaged in a joint venture with Barter Engineering Corporation and that these joint venturers are involved in a suit in the United States District Court for the Eastern District of Illinois, File No. 71–85, and that claimants identified in Exhibit A attached to the cross-complaint in that action and all other claimants added to that action are restrained from instituting or prosecuting any proceeding in any state or Federal court involving the property or obligation involved in the interpleader action.

A copy of the cross-complaint and Exhibit A were not furnished to the Court, and it appears that the plaintiff in this action is not a claimant in the Illinois action. Therefore, the proposed stay is not applicable to the plaintiff in this action.

The Court has this day entered an order dismissing the action and an order overruling the motion to abate.