**Jack COOGAN et al., Plaintiffs,**

v.

**DeBOER PROPERTIES CORP. et al., Defendants.**

**Civ. A. No. 72–H–1276.**

United States District Court, S. D. Texas, Houston Division.

March 6, 1973.

Foreman, Dyess, Prewett, Rosenberg and Henderson, Leonard Rosenberg and J. Anthony Hale, Houston, Tex., for plaintiffs.

Locke, Prunell, Boren, Laney and Neely, Larry M. Lesh, Dallas, Tex., Lidell, Sapp, Zively and Brown, W. Robert Brown, Saccomanno, Clegg, Martin and Kipple, and Burke Martin, Houston, Tex., for defendants.

MEMORANDUM AND ORDER:

SEALS, District Judge.

The Plaintiffs filed this suit to collect on a promissory note against three De-

fendants in state court. Defendant Property Capital Trust, a Massachusetts business trust, removed the action to this court under 28 U.S.C. § 1441(a), since it could have been brought originally in federal court the other Defendants being citizens of Kansas (DeBoer Properties Corporation and Raymond G. Montgomery). See 28 U.S.C. § 1332.

■ Unfortunately, not all the Defendants joined in the petition. Where a joint cause of action is alleged all defendants who are not "nominal defendants" and may properly join in a removal petition must do so. P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546 (7th Cir. 1968) and Bradley v. Maryland Cas. Co., 382 F.2d 415 (8th Cir. 1967). Most of the case authority in this area is found in district court opinions since a remand is not reviewable. 28 U.S.C. § 1447(d). The reported district court cases are unanimous that all real defendants must join to remove a joint cause of action. E. g., Leonard v. Abingdon Motor Co., 339 F.Supp. 218 (E.D.Tenn.1972); Nowell v. Nowell, 272 F.Supp. 298 (D. Conn.1967); Urban Renewal Authority v. Daugherty, 271 F.Supp. 729 (D.Colo. 1967); and cases collected under notes 413 and 421 to 28 U.S.C.A. § 1441. See also, Wright, Federal Courts, § 40, p. 142.

■ Now that the case is in federal court, the Plaintiffs are not adverse to its staying here and would like to set out an additional cause of action under the Federal Securities Exchange Act of 1934, 15 U.S.C. § 78j and S.E.C. Rule 10b–5; a cause of action which they could not litigate in state court since federal jurisdiction is exclusive. 15 U. S.C. § 78aa. To effect this they have filed three motions: (1) a motion to remove the other defendants; (2) a motion to join the unremoved Kansans as parties needed for just adjudication under Rule 19(a), F.R.Civ.P., and (3) a motion for leave to file a second amended complaint including the securities

count and naming the two Kansas defendants and another new Kansas defendant (Jack DeBoer). The motion to remove must of course be denied, as removal is available to defendants only and not to Plaintiffs. 28 U.S.C. § 1441. Union Constr. Co. v. Dillingham Corp., 334 F.Supp. 502 (S.D.Tex.1971).

The other motions must also be denied. The issue here is really jurisdictional, not procedural.

■■ Removal jurisdiction is determined at the time of the filing of the petition for removal. American Fire & Cas. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The liberal provisions for amendment (Rule 15) and for joinder of parties and claims (Rules 18 and 19) of the federal rules cannot vest a federal court with jurisdiction of a cause where previously it had none. Rule 82, F.R.Civ.P. Letmate v. Baltimore & O. R. R., 311 F.Supp. 1059 (D.Md. 1970); and see, Mississippi Pub. Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946) and Edwards v. E. I. DuPont de Nemours & Co., 183 F.2d 165, 167–168 (5th Cir. 1950). The Plaintiffs' state court suit alleged a joint cause of action against three defendants. Being of diverse citizenship from the Plaintiffs, the Defendants could have removed the action. Only one chose to do so. No other Defendant joined in the petition. The petition did not disclose why the other parties did not join in it, and it did not allege that the other defendants had not been served with state process. It was therefore defective. P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., supra.

The petition for removal being defective, it follows that the case was improvidently removed and the Court must on its own motion remand it to the state court. Heatherington v. Allied Van Lines, Inc., 194 F.Supp. 6 (D.S.C.1961).

Therefore, it is ordered that the Plaintiffs' Motions to Remove, to Join Necessary Parties, and for Leave to

Amend be, and the same are hereby, denied; and

It is further ordered that this cause be, and the same is hereby, remanded to the 157th District Court of Harris County, Texas.