**Bernard L. MORGAN, Plaintiff,**

v.

**RANGER INSURANCE COMPANY, a New York Corporation, Defendant.**

**No. 76–199–Civ–J–T.**

United States District Court,
M. D. Florida,
Jacksonville Division.

April 22, 1976.

Noah H. Jenerette, Jr., Jacksonville, Fla., for plaintiff.

Philip A. Webb, III, Jacksonville, Fla., for defendant.

## ORDER

CHARLES R. SCOTT, District Judge.

Plaintiff has moved the Court to remand this case to the state circuit court on the basis that the case was improvidently removed because the requisite jurisdictional amount to remove the action did not appear in the initial or other pleadings.

Plaintiff, citing *Jefferson v. Liverpool,* 167 F.Supp. 389 (S.D.Cal.1958), argues that because the complaint is primarily for a declaratory decree, establishing and declaring the rights of parties in connection with an insurance policy, the action should be remanded. However, in *Jefferson v. Liverpool, supra,* the court followed the decision in *American General Insurance Co. v. Booze,* 146 F.2d 329 (9th Cir. 1944). In *American General Insurance Co. v. Booze, supra,* it was decided that the district court had jurisdiction in actions for declaratory relief. In *Jefferson v. Liverpool, supra,* the court declined jurisdiction, not because it was an action for declaratory relief, but because the amount of damages was speculative. It, therefore, could not be ascertained whether the requisite jurisdiction amount was involved. In the present case the amount in controversy is not in dispute and is greater than $10,000.00, satisfying 28 U.S.C. § 1332.

The plaintiff also argues that if this action is not remanded to the state court the defendant's right to a reasonably speedy trial would be defeated. In *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 342, 345, 96 S.Ct. 584, 588, 590, 46 L.Ed.2d 542, 549, 551 (1976), the Supreme Court held that a federal district court may remand an action only where a case has been removed from a state court "improvi-

dently and without jurisdiction" (28 U.S.C. § 1447(c)), and not for any reason unauthorized by the statute. The fact that the plaintiff's action might receive more speedy disposition in a state court is not an authorized ground for remand.

Accordingly, it is now

ORDERED:

Plaintiff's motion to remand this action to the Circuit Court of the Fourth Judicial Circuit of Florida in and for Duval County, is hereby denied.