**TIJ MATERIALS CORP.**

v.

**GREEN ISLAND CONSTRUCTION CO., INC., Interstate Marketing, Inc., and Reliance Insurance Company.**

Civ. A. No. 89–0540B.

United States District Court,
D. Rhode Island.

June 5, 1990.

James V. Paolino, for plaintiff.

Charles J. McGovern, Bruce W. Gladstone, for defendant.

## FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant matter has been referred to the United States Magistrate for Findings and Recommendation pursuant to 28 U.S.C. Section 636. Presently before the Court is defendant Green Island Construction Co., Inc. (Green Island) and defendant Reliance Insurance Company's (Reliance) motion for remand of this action pursuant to 28 U.S.C. Section 1447(c) to the Providence County Superior Court from which it was removed.

*Statement of Facts*

Plaintiff, in its amended complaint, alleges the following facts. Plaintiff TIJ Materials Corp. (TIJ) entered into a contract with defendant Interstate Marketing, Inc. Pursuant to the contract, plaintiff was to furnish labor and materials for thermoplastic pavement marking. Green Island was the general contractor with respect to the Rhode Island State Highway Construction contract. Interstate Marketing, Inc., subcontracted the thermoplastic striping of the lane lines in the project from Green Island. TIJ maintains that Interstate Marketing was unable to complete the project and subcontracted it to TIJ. It is undisputed that defendant Reliance provided the surety bonds on the contracts.

The surety bonds ran in favor of the State of Rhode Island. Plaintiff's amended complaint demands judgment against the defendants for money allegedly owed under the contract for material and/or labor provided.

Plaintiff's original complaint in this matter was filed in the Superior Court of Providence County. Subsequent to that filing, plaintiff amended its complaint in and sought a claim for relief in federal court under the Miller Act, 40 U.S.C. Sec. 270a, *et seq.* Plaintiff argues that under the Miller Act, the "United States District Court wherein the contract was performed" exercises exclusive jurisdiction over its claim for relief. (Plaintiff's Memorandum dated Oct. 25, 1989, P. 4.) Accordingly, in September 1989, plaintiff caused this action to be removed to the United States District Court for the District of Rhode Island. The defendants here argue that under the provisions of the Miller Act and subsequent case law, the Miller Act "only applies to contracts and indemnity bonds to which the United States is a party." Thus, the Act has no bearing on this case and this matter should be remanded to the Superior Court of Providence County for disposition.

*Applicable Law*

Title 28 U.S.C. Section 1447(c) provides generally for remand from federal district court of actions removed from state courts. That section provides:

(c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case. 28 U.S.C. Sec. 1447(c).

Remand may be ordered by the federal judge under this section on the basis of procedural defects or of lack of subject matter jurisdiction. *Morgan v. Ranger Ins. Co.,* 413 F.Supp. 678 (D.Fla.1976); *Crews v. Seaboard C.L.R. Co.,* 413 F.Supp. 679 (D.Fla.1976); 1A *Moore's Federal Practice,* Para. 0.168[4.–1].

The motion to remand must be filed within thirty (30) days of the filing of the notice of removal, if challenging the procedural soundness of the petition, and may be filed

at any time before final judgment is entered, if based on jurisdictional grounds.

Defendants in the instant matter contest removal from Providence County Superior Court to United States District Court both on procedural grounds and based on the federal court's lack of subject matter jurisdiction. Plaintiff, on the other hand, argues that the federal court has exclusive subject matter jurisdiction of its claim based on 40 U.S.C. Section 270a *et seq.*, the Miller Act.

*Discussion*

■ The Miller Act's purposes are twofold. One of the Act's objectives is "to protect subcontractors and materialmen working on federal projects since normal state lien rights are not available ... [since] state law liens may not be asserted against federally owned lands or buildings." *U.S. Etc. Miss. Road Supply Co. v. H.R. Morgan, Inc.,* 542 F.2d 262 (5th Cir. 1976), citing *U.S. Fidelity & Guaranty Co. v. U.S.,* 201 Ct.Cl. 1, 475 F.2d 1377 (1973); *Kennedy Electric Co. v. U.S. Postal Service,* 508 F.2d 954 (10th Cir.1974). Section 270a of the Miller Act requires that persons awarded United States government contracts exceeding $25,000 furnish performance bonds and payment bonds with sureties to insure that materialmen and subcontractors get paid. 40 U.S.C. Section 270a.

Additionally, "Miller Act bonds are provided in order to protect the United States from suits rested upon its equitable duty to insure that subcontractors and suppliers of materials receive payment." *Id.* Section 270b of the Act explains the rights of persons furnishing labor materials and identifies the exclusive nature of the remedy provided by the Act. *See* 40 U.S.C. Section 270b.

Plaintiff here argues, *inter alia,* that the work that was the subject of the contract in this matter was "public work" and thus fell within the parameters of the Miller Act. The only basis for "public work" status to be gleaned from plaintiff's memorandum in opposition appears to be the fact that part of the funding for the construction project was federal. (*See* Plaintiff's Memorandum dated Oct. 25, 1989, P. 5) It is not disputed that the United States was neither a party to the contract, nor did the bonds run in favor of the United States.

As in *U.S. for and on Behalf of Mississippi Road Supply Co.,* plaintiff here "asserts that because the funds here come from the government in the form of grants ... government funding is present." 542 F.2d at 265. The rule in that case was that "the existence of government funding alone" is not enough to warrant Miller Act jurisdiction. Indeed, in a decision on facts strikingly similar to the case at bar, it was held that a contract executed between a state and a contractor for construction of a portion of an interstate highway system, was not a public work of the United States for purposes of Miller Act jurisdiction even though the construction was funded in part by the United States. *See Miller v. Mattingly Bridge Co.,* 344 F.Supp. 459 (W.D.Ky.1972).

In *Mattingly Bridge,* "no bond [had] been issued to the United States of America and the contract which was entered into by Mattingly Bridge is with the Commonwealth of Kentucky for the portion of highway in Jefferson County, Kentucky." *Supra* at 462. Based on those factors, the Court found that because the contract was with the state, and the United States was not a party thereto, and since the bond did not run in favor of the United States, the "materialman's proper remedy lay in state court." *Id.* at 460.

In *United States for the benefit of Noland Co., Inc. v. Irwin,* "[t]he Assistant Secretary of the Interior, on behalf of the United States, entered into a contract with respondent, Irwin & Leighton, for the construction of a library building." 316 U.S. 23, 62 S.Ct. 899, 86 L.Ed. 1241 (1942). In determining whether the Miller Act applied to the construction of a library at Howard University, the court noted that contracts subject to the Miller Act need not be made "formally" with the United States, but that "[t]he Miller Act was intended to apply to the 'public works' authorized by the Administrator under the National Recovery Act" and since the "Assistant Secretary of the

Interior was consequently authorized to require respondents to post a bond securing materialmen, and that petitioner is entitled to sue on the bond in the name of the United States." *Id.* at 27, 62 S.Ct. at 901.

Plaintiff here presents no facts to invoke the jurisdiction of the Miller Act, thus I find that this Court lacks subject matter jurisdiction over the action and pursuant to 28 U.S.C. Section 1447(c), this matter must be remanded to Providence County Superior Court for final disposition. Here, the United States was not a directly contracting party, nor was the bond executed in the name of the United States. Additionally, the contract, though not formally executed with the United States, had not been executed by persons with authority to contract on behalf of the United States. *See Irwin, supra* at 23, 62 S.Ct. at 899; *United States v. Phoenix Assurance Co. of New York,* 163 F.Supp. 713 (1958) (if the person or agency making the contract for the public building, or public works, on behalf of the United States had the authority to so contract, it is immaterial whether the contract is made in the name of the United States or such person or agency.) This result is particularly commanded here, where "plaintiff had in fact filed suit in a state court on the same claims presented in the federal action at bar, so that it would appear that a remedy was available in the state court." *See* 48 ALR 4th 1170 at 1200, citing *Mattingly Bridge,* 344 F.Supp. 459 (W.D.Ky. 1972). *See also United States for the Use of United States Steel Corp. v. Construction Aggregate Corp.,* 559 F.Supp. 414 (E.D.Mich.1983). (In an action under the Miller Act involving ordinary contract issues not requiring construction of the Act, the proper law to apply is state law governing contract issues.)

Plaintiff here had originally chosen the Providence County Superior Court as its forum. That court retains subject matter jurisdiction over the contract dispute. Accordingly, since I find that under these circumstances, the jurisdiction of the Miller Act may not be invoked, defendants' motion to remand to state Superior Court must be granted. 28 U.S.C. Section 1441 governs remand actions generally. That section provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

As a consequence of my finding that the Miller Act does not apply to the case at bar, nothing in this section appears to permit plaintiff to remove this action from state court to federal district court. As defendants point out in support of their motion to remand:

It is well-settled law that under the statutory scheme for removal, only defendants may petition to remove state court actions to the federal district court. *American International Underwriters, Inc. v. Continental Ins. Co.,* 843 F.2d 1253 (9th Cir.1988). Removal is the exclusive prerogative of the defendant. *Coogan v. DeBoer Properties Corp.,* 354 F.Supp. 1058 (S.D.Tex.1973). *See also Ford Motor Credit Co. v. Liles,* 399 F.Supp. 1282 (D.Okla.1975). (Defendants' Memorandum dated Oct. 10, 1989, P. 3).

Accordingly, "as noted in *Continental Insurance, supra,* the plaintiff should not be permitted to alter the forum it selects to litigate its claims against a particular defendant." (Defendants' Memorandum Dated Oct. 10, 1989, P. 3) Thus, I find that the defendants' motion to remand this matter to Providence County Superior Court for final disposition should be granted.

A Magistrate's Findings and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Report must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Report. Rule 32, Local Rules of Court, Rule 72(b), Fed.R. Civ.P. Failure to timely file specific objec-

tions to the Magistrate's Report, findings, or recommendations is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *U.S. v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).

A review of the Magistrate's Report by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir.1988).

*Recommendation*

Defendants' motion for remand should be granted. I so recommend to the Court.