Celio DIAZ, Jr., Plaintiff,

v.

**PAN AMERICAN WORLD AIRWAYS, INC., and Transport Workers Union of America, AFL–CIO, Defendants.**

Civ. No. 69–206.

United States District Court,
S. D. Florida.

Sept. 19, 1972.

Eleanor L. Schockett, of Kates, Ress, Gomez & Rosenberg, P.A., North Miami, Fla., for plaintiff.

James L. Armstrong, III, of Smathers & Thompson, Miami, Fla., Herbert Prashker, and Lawrence A. Katz, of Poletti, Freidin, Prashker, Feldman & Gartner, New York City, as co-counsel, for Pan American World Airways, Inc.

Alan Greenfield, of Kovner, Mannheimer, Greenfield & Cutler, P.A., Miami, Fla., for Transport Workers Union of America, AFL–CIO.

Cynthia Gitt, Office of the Gen. Counsel, E. E. O. C., Washington, D. C., for the E. E. O. C., as amicus curiae.

## ORDER VACATING FINAL JUDGMENT AND AMENDING MEMORANDUM OPINION

FULTON, Chief Judge.

Through inadvertence, the Court omitted the firm of Poletti, Freidin, Prashker, Feldman & Gartner, defendant's New York counsel, from those who would receive copies of the memorandum opinion, 346 F.Supp. 1301, entered August 9, 1972 and the final judgment entered August 24, 1972. It appears that this law firm did not receive a copy of either the memorandum opinion or the final judgment. Mr. Prashker of that firm now advises the Court that he desires to contest for the defendant, Pan American, certain portions of the opinion and judgment.

Mr. Prashker, as New York counsel for Pan Am, has filed a motion which urges the Court to review its memorandum opinion and final judgment and to amend the same in certain respects pursuant to Rules 52(b) and 59(e), Fed.R. Civ.P. The motion for amendment was timely filed on September 5, 1972 within ten days after the entry of judgment, Monday, September 4 being a legal holiday.

The memorandum opinion provided that final judgment would be entered within 10 days from the entry of the memorandum opinion unless the Court received written notice from one or more of the parties that it wished the memorandum opinion to be certified under 28 U.S.C. § 1292(b). Since Pan Am's New York counsel did not receive a copy of the opinion or judgment, the Court feels compelled to vacate the final judgment entered in this cause and to allow all parties a 20 day period in which to notice the Court in writing that certification of the memorandum opinion and this Order is desired.

Upon the filing of Pan Am's motion to amend, the Court has reconsidered the memorandum opinion and the two requested amendments in Pan Am's motion. Pan Am contests the ruling in the memorandum opinion that the group entitled to preferential consideration continues to and including August 10, 1972, the date of entry of the memorandum opinion. Pan Am seeks amendment of that ruling so that the concluding date for membership in the "preferred" group is November 18, 1971, in accordance with the stipulation of the parties. On April 4, 1972 the parties stipulated that membership in the "preferred" group would terminate on November 18, 1971. The Court stated in the memorandum opinion that there was substantial evidence to show that Pan Am had ceased its discriminatory practice against male applicants after the denial of Pan Am's petition for a writ of certiorari to the Supreme Court and that Pan Am modified its advertising, recruitment and selection policies in order to admit males to the hiring process. In view of the stipulation of the parties and the unreasonable burden which would be placed upon Pan Am in noticing male applicants of the memorandum

opinion who applied for jobs after Pan Am had ceased its discriminatory policies, the Court agrees that the memorandum opinion should be amended to reflect the stipulation of the parties. Therefore, the Court amends its memorandum opinion so that the group entitled to preferential consideration commences on April 17, 1967, and concludes on November 18, 1971.

Pan Am also contests the ruling in the memorandum opinion that back pay damages shall be diminished only by amounts of money actually earned from other employment or received as unemployment insurance. Pan Am seeks amendment of the ruling so that back pay damages shall also be diminished by amounts earnable with reasonable diligence, citing 42 U.S.C. § 2000e–5(g) which provides in part as follows:

> Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

The Court agrees that the memorandum opinion should be amended in accordance with the above provision of Title VII of the Civil Rights Act of 1964. Accordingly, said memorandum opinion is amended so that an award of back pay damages shall be reduced by amounts actually earned from other employment or received as unemployment insurance or earnable with reasonable diligence. Thereupon, it is

Ordered and adjudged as follows:

1. The final judgment entered in this cause on August 24, 1972 be and the same is hereby vacated, and this cause is reinstated;

2. The memorandum opinion entered August 9, 1972 be and the same is hereby amended so that the group entitled to preferential consideration commences on April 17, 1967 and concludes on November 18, 1971;

3. The memorandum opinion entered in this cause be and the same is hereby amended so that an award of back pay shall be reduced by amounts actually earned from other employment or received as unemployment insurance or earnable with reasonable diligence;

4. Final judgment will be entered within 20 days from the entry of this Order, unless the Court receives written notice from one or more of the parties that it wishes the memorandum opinion and this Order amending the memorandum opinion certified under 28 U.S.C. § 1292(b);

5. The time periods imposed in the memorandum opinion requiring Pan Am to file with this Court a statement of the disposition of all applications filed by persons within the "preferred" group and requiring Pan Am to mail a copy of the memorandum opinion and a letter notice to applicants shall begin to run from the date of the final judgment to be entered herein.