UNITED STEELWORKERS OF AMERICA, ETC., LOCAL 8024 UNION, Plaintiff,

v.

JARL EXTRUSIONS, INC., et al., Defendants.

No. CIV–2–74–144.

United States District Court, E. D. Tennessee, Northeastern Division.

Order Oct. 7, 1974.

Memorandum Opinion Jan. 29, 1975.

Supplemental Memorandum Opinion Feb. 6, 1975.

rate defendant bargained collectively with such defendant, and that the plaintiff undertook to sue the defendants as the representative party of a class of approximately 85 employees, Rule 23(a), Federal Rules of Civil Procedure; it further appearing by reasonable inference that each of such employees is a resident of this jurisdiction and is represented by the plaintiff; and it appearing finally that the aforementioned class is not so numerous that joinder of all the members thereof is impracticable, Rule 23(a)(1), Federal Rules of Civil Procedure; cf. *State of Utah v. American Pipe and Construction Company*, D.C.Cal. (1969), 49 F.R.D. 17; *City and County of Denver v. American Oil Company*, D.C.Colo. (1971), 53 F.R.D. 620; *Minersville Coal Co. v. Anthracite Export Ass'n.*, D.C.Pa. (1971), 55 F.R.D. 426, 428[3], the Court hereby

Determines that this action is not to be maintained as a class action. Rule 23(c)(1), Federal Rules of Civil Procedure.

## MEMORANDUM OPINION AND ORDER

■ This is an action under 29 U.S. C. § 185(a) involving a labor dispute. Each defendant moved for a dismissal on the ground, *inter alia*, that the plaintiff failed to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. As the more crucial and immediate issue appears to the Court to be whether it has subject-matter jurisdiction under the allegations of the complaint, the Court proceeds on its motion to that consideration.*

The plaintiff United Steelworkers of America, Local 8024 Union (Union) alleged in substance that the contract between itself and the defendant Jarl Extrusions, Inc. (Company) contained the

---

Lodge Evans, Elizabethton, Tenn., for plaintiff.

Paul R. Wohlford, Bristol, Tenn., for defendants.

## ORDER

NEESE, District Judge.

■ It appearing from the complaint herein that the plaintiff is a unit through which employees of the corpo-

---

\* Where the parties fail to raise any jurisdictional question, the Court is obliged to notice want of jurisdiction on its own motion. *Williams v. W. R. Grace & Company*, D.C. Tenn. (1966), 252 F.Supp. 821, 823[7]; *Leonard v. Abingdon Motor Company, Inc.*, D.C.Tenn. (1971), 339 F.Supp. 218, 218–219[1].

following provisions relating to vacation pay:

\* \* \* \* · \* \*

*Article XIV*

VACATIONS

*Section 1:* Each employee on the payroll as of his anniversary date of hire, who has been in the continuous employment of the Company for the preceding year, will receive one week's vacation with pay (pay computed at the rate of pay in effect at the time the anniversary is reached).

*Section 2:* Each employee on the payroll as of his anniversary date of hire, who has been continuously in the employment of the Company for two years will receive two weeks vacation with pay (pay computed at the pay rate in effect at time the anniversary is reached).

*Section 3:* Vacation pay will be computed on the basis of 40 hours' straight-time per vacation week.

*Section 4:* Vacations will be taken during the year following the year in which they are earned. Vacations must be approved by the Company and will, insofar as is practical, be granted at times most desired by employees. Preference as to selection will be based upon seniority.

\* \* \* \* \* \*

It claims further that the Union filed a grievance report, contending (1) that the Company failed to provide it with job classifications and pay rates of the Company's employees at the time the collective bargaining agreement of these parties was negotiated; (2) that the Company gave one of its nonunion employees vacation pay for two weeks secretly, while its other employees were given only one week of vacation pay; (3) that the Company's other employees consequently lost increases in wages and other benefits in comparison to those received by such nonunion worker; and (4) that commensurate pay increases and benefits should be given to the Company's union workers.

The Union claims also that their foregoing demands were rejected by the Company, after which the Union demanded arbitration; and that the defendant Mr. John Herron, representing the United Steelworkers of America, AFL–CIO, as an international representative, settled unilaterally the aforementioned grievance on a basis whereby the Company agreed to pay the Union $197.-20 (the difference in the amount of vacation pay received by the Company's nonunion employee and the members of the Union), on the condition that such sum be divided among the individual members of the Union.

The Union claims that this settlement constituted a breach of its bargaining agreement with the Company. The Court, in a reading of that agreement generous to the Union's contention, finds in the foregoing allegations nothing to support the Union's allegation of a breach of any provision of such bargaining agreement.

29 U.S.C. § 185(a) vests jurisdiction in a federal district court in suits " \* \* \* for *violation of contracts* between an employer and a labor organization representing employees in an industry affecting commerce \* \* \*, or between any such labor organizations \* \* \* ". (Emphasis supplied.) For this Court to have jurisdiction, therefore, the factual situation alleged must have reflected the breach of a contract between an employer and a labor organization or between labor organizations. *Cf. Brown v. Sterling Aluminum Products Corporation*, C.A.8th (1966), 365 F.2d 651, 656 [1–3], certiorari denied (1967), 386 U.S. 957, 87 S.Ct. 1023, 18 L.Ed.2d 105, rehearing denied (1967), 386 U.S. 1027, 87 S.Ct. 1370, 18 L.Ed.2d 471.

It may very well be that the Union has alleged an unfair labor practice on the part of the Company. If both a contractual violation *and* an unfair labor practice had been alleged by the Union, this Court would have jurisdiction. *Smith v. Evening News Association*

(1962), 371 U.S. 195, 83 S.Ct. 267, 268–269[2], 9 L.Ed.2d 246. But, such is not the factual situation presented by the original complaint.

After having amended its complaint once as a matter of course, Rule 15(a), Federal Rules of Civil Procedure, the plaintiff sought leave of the Court to amend its complaint, so as to add as a party defendant the United Steelworkers of America, AFL–CIO, and to claim ostensibly that the parent international union of the plaintiff breached its statutory duty to the local Union, by failing to fairly represent the Union's members in an alleged violation of the contract between the Union and the Company. There again, if both a contractual violation *and* a failure of fair representation had been alleged through such amendment, this Court would have jurisdiction. *Vaca v. Sipes* (1967), 386 U.S. 171, 87 S.Ct. 903, 914–916 [22–24], 17 L.Ed.2d 842. But, there again also, the Union made no claim of the violation of its contract with the Company. As this Court has no subject-matter jurisdiction of the claim sought to be asserted by the Union's amendment of November 4, 1974, leave therefor hereby is denied.

Finding that the jurisdiction of this Court under 29 U.S.C. § 185(a) has not been invoked, the motion of the defendants hereby is granted, and this action is dismissed for lack of jurisdiction over the subject matter, Rule 12(b)(1), Federal Rules of Civil Procedure, without prejudice to the Union's pursuit of its claimed unfair labor practice with the National Labor Relation's Board. *San Diego Building Traders Council, Etc. v. Garmon* (1959), 359 U.S. 236, 79 S.Ct. 773, 780[7], 3 L.Ed.2d 775. This disposition renders. moot all outstanding motions.

## SUPPLEMENTAL MEMORANDUM OPINION

In its memorandum opinion and order herein of January 29, 1975, the Court should have cited also on pages 304–305 thereof, *William E. Arnold Company v. Carpenters* (1974), 417 U.S. 12, 94 S.Ct.

2069, 40 L.Ed.2d 620, wherein it was held, *inter alia*, that when an activity in question is arguably *both* an unfair labor practice prohibited by 29 U.S.C. § 158(b)(4)(i)(D) *and* a breach of a collective-bargaining agreement, the authority of the National Labor Relations Board is not exclusive and "* * * 'does not destroy the jurisdiction of the courts in suits * * *'" under 29 U.S.C. § 185(a) for breach of such agreement. *Ibid.*, 94 S.Ct. at 2072, 40 L.Ed.2d at 624–625[2].