David FORRESTER et al., Plaintiffs,

v.

Cladius I. VERMILYE et al., Defendants.

No. CIV–4–77–5.

United States District Court,
E. D. Tennessee,
Winchester Division.

Jan. 10, 1978.

Charles P. Dupree, Chattanooga, Tenn., for plaintiffs.

Joe R. Hickerson, Hickerson & Murray, and Joe S. Bean, Winchester, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for compensatory and punitive damages in redress of the plaintiff's federally-protected civil rights under the provisions of 42 U.S.C. § 1983. 28 U.S.C. § 1343(3). The complaint, which was filed on February 25, 1977 alleges that the plaintiff is " * * * a representative of a class composed of males who, while juveniles and under custody and control of the State of Tennessee Department of Corrections, were * * * placed under the custody of [the defendant] Cladius I. Vermilye at Boy's Farm, Inc., Monteagle, Tennessee, for rehabilitation. * * *" It is further averred that each of the four prerequisites to class action maintenance under Rule 23(a), Federal Rules of Civil Procedure, has been met, and that this action is appropriate to proceed as a class action, apparently under the provisions of Rule 23(b)(1)(A), Federal Rules of Civil Procedure.*

" * * * As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. * * *" Rule 23(c)(1), Federal Rules of Civil Procedure. " * * * [T]he language of this provision is mandatory and the District Court has a duty to certify the class action whether requested to do so or not. * * *" *Senter v. General Motors Corp.*, C.A.6th (1976), 532 F.2d 511, 520[16], citing *Garrett v. City of Hamtramck*, C.A.6th (1974), 503 F.2d 1236, 1243[1].

█ The burden is on the plaintiff, who is seeking to utilize the class-action device, to establish his right so to do. *Senter v. General Motors Corp., supra*, 532 F.2d at 522[22]. " * * * [A]n action is not maintainable as a class action merely because it is designated as such in the pleadings. * * * Mere repetition of the language of Rule 23(a) is not sufficient. * * *" *Weathers v. Peters Realty Corporation*, C.A.6th (1974), 499 F.2d 1197, 1200[4–11]. As a preliminary matter, the plaintiff must have demonstrated compliance with all 4 of the prerequisites contained in Rule 23(a), *supra*; then he must have demonstrated further that the class he seeks to represent falls within one of the subcategories of Rule 23(b), *supra*. *Eisen v. Carlisle & Jacquelin* (1974), 417 U.S. 156, 163, 94 S.Ct. 2140, 40 L.Ed.2d 732, 740; *Senter v. General Motors Corp., supra*, 532 F.2d at 522[22].

█ The first requirement of Rule 23(a), *supra*, which the plaintiff was required to have demonstrated, in order for this action to qualify as a class action, is that his " * * * class is so numerous that joinder of all members is impracticable. * * *" Rule 23(a)(1), Federal Rules of Civil Procedure. Although the plaintiff averred that this requirement was met, the record herein fails to so reflect. In fact, the defendants' answers to interrogatories filed herein indicate that there were only 4 juveniles who were transferred to the custody of Boy's Farm, Inc. from the Tennessee department of corrections, one of whom was the plaintiff. The plaintiff has not advanced any other indication that his purported class is so numerous that joinder herein of all its members is impracticable.

---

* " * * * An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition * * * the prosecution of separate actions by or against individual members of the class would create a risk of * * * inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. * * *" Rule 23(b)(1)(A), Federal Rules of Civil Procedure.

" * * * The plaintiff ha[d] the positive burden of showing that the circumstances surrounding the case justify a determination by the district court * * * that the number [of class members] is so large that it would be impracticable to join all the parties. That was not done in this case. * * * " *Cash v. Swifton Land Corporation*, C.A.6th (1970), 434 F.2d 569, 571[4]. For such reason, this action cannot proceed as a class action. Rule 23(a)(1), Federal Rules of Civil Procedure; *United Steelworkers, Etc. v. Jarl Extrusions, Inc.*, D.C. Tenn. (1975), 405 F.Supp. 302, 303[1], affirmed, C.A.6th (1975), 527 F.2d 648 (table).

■ The plaintiff was required to demonstrate also, *inter alia*, that he would " * * * fairly and adequately protect the interests of the class. * * * " Rule 23(a)(4), Federal Rules of Civil Procedure. The failure of the plaintiff to move affirmatively the court for an order certifying this as a class action " * * * surely bears strongly on the adequacy of the representation that those class members might expect to receive. * * * " *East Texas Motor Freight v. Rodriguez* (1977), 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453, 463. This is still true, even though, in this circuit, it is clear that " * * * a district judge has an obligation on his own motion to determine whether an action shall proceed as a class action. * * * " *Ibid.*, 431 U.S. at 405, 97 S.Ct. at 1897, 52 L.Ed.2d at 463; *accord: Alexander v. Aero Lodge, Etc.*, C.A.6th (1977), 565 F.2d 1364, 1371 (1977).

Earlier in these proceedings, the plaintiff failed to respond timely to the motion of the former defendant Mr. Yeatman for a preliminary determination on his defense that the plaintiff failed to state a claim against him herein upon which relief could be granted. Also, the plaintiff did not serve and file any timely objection to the recommendation of June 28, 1977 herein of a United States magistrate of this district, that his claim against the former defendant Mr. McWherter be dismissed. Such is hardly indicative of adequate protection of the interests of any proposed class.

The plaintiff, thus having failed to meet his burden having demonstrated in the aforementioned respects that this lawsuit is an appropriate class action, the Court in its discretion, *Cross v. National Trust Life Ins. Co.*, C.A.6th (1977), 553 F.2d 1026, 1029[1], hereby DETERMINES that this action shall not proceed as a class action. Rule 23(c)(1), Federal Rules of Civil Procedure.