**Erma TRABUCCO, Plaintiff-Appellant,**

v.

**DELTA AIRLINES, Defendant-Appellee.***

No. 77–1298.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 16, 1979.

Decided March 14, 1979.

---

* Editor's Note: The decision of the United States Court of Appeals, Ninth Circuit in National Retailers Corporation of Arizona v. Valley National Bank of Arizona, published in

---

Steven T. McMurtry, Covington, Ky., for plaintiff-appellant.

Dean Booth, William H. Boice, Troutman, Sanders, Lockerman & Ashmore, Sidney F. Davis, Legal Dept., Delta Airlines, Inc., Atlanta, Ga., James G. Osborne, O'Hara, Ruberg, Certulo & Osborne, Covington, Ky., for defendant-appellee.

Before WEICK and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiff appeals from the District Court's dismissal of her claim that her 1970 job reclassification violates Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. (1976). An employee of Delta Airlines since 1945, plaintiff was reclassified from teletype operator to transportation agent on February 10, 1970. On September

the advance sheets at this citation (590 F.2d 315) was withdrawn from the bound volume because rehearing is pending.

15, 1970 she filed a charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC). She brought the instant case in the District Court on February 18, 1975. Defendant moved to dismiss on the ground that, since her charge with the EEOC was filed more than 90 days after her reclassification, her claim was time barred.[1] The District Court agreed and dismissed the suit for lack of jurisdiction. We affirm.

We believe that this case is governed by the Supreme Court's recent decision in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). In *Evans*, the Court held that the timely filing of an EEOC charge is a prerequisite to the maintenance of a Title VII action in the district court. 431 U.S. at 555 n.4, 97 S.Ct. 1885.

Plaintiff argues, however, that her allegedly illegal reclassification will have a continuing effect in that she will receive lower pay and fringe benefits for the foreseeable future. A similar argument was advanced and rejected in *Evans*. 431 U.S. at 558, 97 S.Ct. 1885. While plaintiff may well be correct that the reclassification will have a continuing adverse impact on her, as did the seniority system in *Evans*, the Supreme Court has said that "the emphasis should not be placed on mere continuity." *Id.* Rather, "the critical question is whether any present *violation exists.*" *Id.* The plaintiff has not contended that her current employment as a transportation agent constitutes a violation of Title VII. Instead, her claim is that she is suffering the effects of an act that occurred more than 90 days before she filed a charge with the EEOC. We, therefore, believe that the District Court was not in error in holding that no continuing violation exists, and that the

lower court's application of the 90-day rule to the single, alleged incident on February 10, 1970 was proper.

Accordingly, it is ORDERED that the judgment of the court below be, and hereby is, affirmed.

---

1. Defendant's motion was made pursuant to the former § 706(d), 42 U.S.C. § 2000e–5(d) (1970), which provided: "A charge under subsection (a) shall be filed within ninety days after the alleged unlawful employment practice occurred . . . .." In 1972, when plaintiff's claim was before the EEOC, § 706 was amended, and subsection (d) became subsection (e).

At the same time, it was amended to expand the limitations period to 180 days. 42 U.S.C. § 2000e–5(e) (1976). Since plaintiff's charge was filed on September 15, 1970, more than 180 days after the February 10, 1970 reclassification we need not address the question of whether the 180-day period enacted in 1972 would apply to this case.