**Barbara LOWE et al., Plaintiffs,**

v.

**UNITED INTER–MOUNTAIN TELE-PHONE COMPANY, Defendant.**

**No. CIV–2–78–188.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 15, 1979.

Curtis B. Stuckey and C. Berkeley Bell, Greeneville, Tenn., for plaintiffs.

James W. Bradford, Jr., and William C. Bovender, Kingsport, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Court considered *de novo* those portions of the recommendation of a magistrate herein of April 19, 1979 to which the plaintiffs filed and served timely written objection. The undersigned judge hereby ACCEPTS such recommendation, except as to the extent modified below. 28 U.S.C. § 636(b)(1).

Despite the contention of the plaintiffs to the contrary, the Court sees no realistic way the facts alleged in their complaint can be construed to involve continuing acts of sex discrimination by the defendant, as opposed to the present effects of past acts of discrimination. The real claim herein is that the defendant's mandatory discriminatory maternity policy caused the plaintiffs to lose certain seniority, which loss, in turn, has resulted in the continuing loss of certain employment benefits and privileges.

The plaintiffs' "continuing discrimination" argument is essentially the same as rejected by the Supreme Court in *United Air Lines, Inc. v. Evans* (1977), 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571, and by the Court of Appeals for the Sixth Circuit in *Trabucco v. Delta Airlines,* C.A. 6th (1979), 590 F.2d 315. " * * * [T]he emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists. * * * " *United Air Lines, Inc. v. Evans, supra,* 431 U.S. at 558, 97 S.Ct. at 1889, 52 L.Ed.2d at 578.

 Simply put, the plaintiffs' alleged continuing discrimination is nothing more than the current effects of any past discrimination. Thus, the magistrate correctly determined that the plaintiffs' joint EEOC charge of August 1, 1972 was untimely.

 The magistrate recommended also that, as to the plaintiff Mrs. Lowe, the Court limit the trial of this action to her claim that the defendant discriminated against her on account of her sex by refusing to allow her to return to work after the birth of her child, even though she was willing and able to do so. The Court does not read this recommendation in the limited manner that the plaintiffs appear to do. If Mrs. Lowe is able to establish unlawful sex discrimination in this regard, then there would appear to be no reason why the Court could not consider, as a part of the relief to which she would be entitled, any loss of seniority, demotion, and other penalties suffered by her as a proximate result of that act of unlawful discrimination. The Court does not read the magistrate's recommendation as prohibiting the same.

 The magistrate further recommended that the Court strike the plaintiffs' class action allegations on the ground that it had not been shown that this action could be properly maintained as a class action. The Court agrees that the plaintiffs have not met their burden * and accordingly hereby DETERMINES that this action shall not proceed as a class action. Rule 23(c)(1), Federal Rules of Civil Procedure.

It results, that the motion of the defendant, treated as a motion for summary judgment, hereby is GRANTED as to the plaintiff Mrs. Nancy Laws and DENIED as to the plaintiff Mrs. Barbara Lowe. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter, that the plaintiff Mrs. Nancy Laws hereby is DENIED all relief herein. Rule 58(1), Federal Rules of Civil Procedure.

It is hereby ORDERED that the trial of this action be limited to the claim of Mrs. Lowe that the defendant unlawfully refused to reinstate her until September 9, 1974 and her claims of resulting injury therefrom. Rule 56(d), Federal Rules of Civil Procedure; *Lytle v. Freedom International Carriers, S. A.,* C.A. 6th (1975), 519 F.2d 129, 133.

---

* The plaintiffs had the positive burden of showing *inter alia* that the circumstances surrounding this action justify a determination by the Court that the number of class members is so large that it would be impracticable to join all of them as parties plaintiffs herein. *Cash v. Swifton Land Corporation,* C.A. 6th (1970), 434 F.2d 569, 571[4]. The plaintiffs did not meet this burden, nor is there any indication in this record that they will be able to do so. Thus, this action cannot proceed as a class action. Rule 23(a)(1), Federal Rules of Civil Procedure; *United Steelworkers Etc. v. Jarl Extrusions, Inc.,* D.C.Tenn. (1975), 405 F.Supp. 302, 303[1], affirmed C.A. 6th (1975), 527 F.2d 648 (table).