EAST TENNESSEE TENANTS' ASSOCIATION FAIRVIEW CHAPTER and unincorporated association, Earlene Parker, Emma Barnett, Individually and on behalf of all other persons similarly situated

v.

Patricia Roberts HARRIS, Secretary of U. S. Department of Housing & Urban Development, City Housing Corp., Oak Ridge Apartment Co., a partnership, M. Joyce Maston, Eugene L. Joyce, John L. Gibbons, John H. Neiler, William W. Pugh, Jr., Humphrey B. Heywood, III, and William D. Parker.

Civ. No. 3–79–11.

United States District Court,
E. D. Tennessee, N. D.

May 21, 1979.

Rural Legal Services of Tennessee, James A. Burke, Oak Ridge, Tenn., for plaintiffs.

Erma G. Greenwood, W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., Barbara Allen Babcock, Alphonse M. Alfano, Shalom Brilliant, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is brought by two individuals and the East Tennessee Tenants' Association for injunctive relief and damages. Plaintiffs allege that utility charges and rent increases have been collected illegally at their federally subsidized apartment project, and that 24 C.F.R. § 215.25(a) violates the National Housing Act, as amended, 12 U.S.C. §§ 1701 et seq. Plaintiffs have filed a motion for class certification under Fed.R.Civ.P. 23. Defendants have filed briefs in opposition to class certification.

■ The party invoking Rule 23 has the burden of showing that all prerequisites to utilization of the class action procedure have been satisfied. Wright & Miller, *Federal Practice and Procedure:* Civil § 1759. Plaintiffs must show 1) that the class is too numerous for joinder; 2) that common questions link the class; 3) that their claims are typical of those of the class; and 4) that they will adequately protect the interests of the class. Rule 23(a). In addition to these requirements, a party invoking Rule 23 must show that the action falls within one of three categories of class action suits described in Rule 23(b). Plaintiffs argue that this case may be classified as a class action under Rule 23(b)(2) and 23(b)(3). For reasons which follow, the Court is of the view that plaintiffs' motion for certification must be denied.

■ Plaintiffs allege five causes of action. In the first cause of action, plaintiffs allege that unlawful excess utility charges were levied against tenants between January, 1975 and May, 1978. The proposed class consists of all present and past tenants who have been charged for utilities. Aside from any other deficiencies in the proposed

class, plaintiffs have made no showing that the class is so numerous that joinder is precluded. Not all tenants were subject to utility charges. Furthermore, the factual circumstances surrounding the imposition of particular utility charges might well affect defendants' liability.

For the remaining causes of action, the proposed class consists of "all tenant families presently residing at Fairview Apartments". Plaintiffs allege in their second cause of action that a utility allowance approved on May 25, 1978 is invalid. Plaintiffs seek not only injunctive relief, but also the return of all charges collected pursuant to the allowance. The only individuals with standing to bring a damage claim are those who have actually been charged for utility use. There has again been no showing by plaintiffs that this class is too numerous to permit joinder.

Plaintiffs fourth and fifth causes of action, which will be discussed out of sequence, involve allegedly illegal rent increases since January, 1975 and an allegedly invalid regulation promulgated by the Secretary of the Department of Housing and Urban Development. In regard to the illegal rent increases, plaintiffs' claims are by no means typical of those of the entire purported class of present tenants of Fairview Apartments. As long-term residents, plaintiffs have an interest in demonstrating a past course of illegality since 1975. Recent tenants do not share this interest. Furthermore, more recent tenants could in fact be adversely affected by a determination that large sums in damages are owed to a group of tenants who lived at Fairview Apartments in 1975 and 1976. As regards plaintiffs' allegations that 24 C.F.R. § 215.-25(a) is invalid, the Court does not see any benefit to be gained from a class action. Plaintiffs are able to adjudicate this question fully as individuals and do not need representative status. Any benefit accruing from a judgment entered in plaintiffs' favor will automatically benefit others similarly situated. See *Ihrke v. Northern States Power Co.,* 459 F.2d 566, 572 (8th Cir. 1972), *vacated and remanded to dismiss as moot,* 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72.

Plaintiffs' remaining cause of action alleges that a rent increase approved August 29, 1978 is invalid. This claim, primarily one for damages, cannot qualify as a class action under Rule 23(b)(2). See *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 564 (2nd Cir. 1968), *later proceedings,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Plaintiffs argue that certification is proper under Rule 23(b)(3). Under that provision, plaintiffs must show that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This is a complex case, with several separate causes of action. In the view of the Court, the utilization of a class action procedure for a minor portion of the case would further complicate the case to no purpose. The class involved in this case is relatively small and is easily located. The collateral estoppel effect of a judgment in this action, cf. *J. M. Woodhull, Inc. v. Addressograph Multigraph Corp.,* 62 F.R.D. 58, 61 (S.D.Ohio 1974), plus the good faith of the defendants, in the event of recovery by the plaintiffs, in dealing with other tenants without the necessity of judicial action, cf. *Berley v. Dreyfus & Co.,* 43 F.R.D. 397, 398–99 (S.D.N.Y.1967), will serve adequately to protect all members of the purported class.

The Court notes generally that class action procedures often are unnecessary burdens upon the courts. This case is a good example of an action that can proceed to judgment fairly and efficiently without the utilization of formal class action procedures. In the event of judgment for plaintiffs, it will be a relatively simple matter to deal with the claims of others not formally before the Court. The purported class can be protected fully within the context of an individual action. Thus, the individualized proceeding adopted by the Court will not serve to frustrate the legitimate interests of any of the parties.

As an alternative to this motion for class certification, plaintiffs urge that the East Tennessee Tenants' Association be per-

mitted to sue pursuant to Fed.R.Civ.P. 17(b). This suit is primarily one for damages. Accordingly, representation by an association is not appropriate. *Warth v. Seldin,* 422 U.S. 490, 515–16, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). This rule has not been altered by *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). Again, the Court fails to see how the failure of this motion affects this case in any practical way.

For the foregoing reasons, it is ORDERED that the plaintiffs' motion for class certification be, and the same hereby is denied. It is further ORDERED that East Tennessee Tenants' Association be, and the same hereby is, dismissed as plaintiff in this action.

Order accordingly.