Darrell A. NUSS, James Robert Oetzel, David W. Tomkinson, Paul B. Ward, Petitioners–Appellants,

v.

PAN AMERICAN WORLD AIRWAYS, INC., a corporation, Transport Workers Union of America, AFL–CIO, an unincorporated association (labor organization), Transport Workers Union of America, AFL–CIO, Local 505, an unincorporated association (labor organization), Respondents–Appellees.

No. 79–3277.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 1980.

Decided Dec. 30, 1980.

Gerald E. Mullen, Mullen & Stabile, Los Angeles, Cal., on brief, for respondents–appellees.

Steven C. Babb, O'Melveny & Myers, Los Angeles, Cal., Asher W. Schwartz, O'Donnell & Schwartz, New York City, James L. Marable, Fogel, Julber, Reinhardt, Rothschild & Feldman, Los Angeles, Cal., on brief, for petitioners–appellants.

Before BROWNING, GOODWIN and SNEED, Circuit Judges.

PER CURIAM.

Darrell A. Nuss, James Robert Oetzel, David W. Tomkinson, and Paul N. Ward, appeal the dismissal of their Title VII action for failure to file a timely administrative charge. We affirm.

The complaint in substance alleges sex discrimination by the airline in denying the plaintiffs seniority as flight attendants for time spent in employment on the ground. The Union defendants are accused by plaintiffs of discrimination by entering into collective bargaining agreements with the airline which permitted the alleged discrimination.

With minor variations, each of the plaintiffs makes the same claims. Each was hired for ground service. Each applied for or was interested in applying for a position as a flight attendant but was denied flight status or was deterred from applying for it by the airline's former policy of employing only female flight attendants.

In 1972 or 1973 all four plaintiffs were transferred to flight attendant positions following the decision in *Diaz v. Pan American World Airways, Inc.*, 311 F.Supp. 559

(S.D.Fla.1970), *reversed*, 442 F.2d 385 (5th Cir.), *cert. denied*, 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267 (1971), *on remand*, 346 F.Supp. 1301 (S.D.Fla.), *modified*, 348 F.Supp. 1083 (S.D.Fla.1972), a class action in which the court ordered relief against sex discrimination in the hiring of flight attendants.

Flight service employees and ground service employees were and are covered by separate collective bargaining agreements. Pursuant to these agreements, plaintiffs received no seniority credit for their prior ground service when transferred to flight service. The seniority date for each of the plaintiffs under the flight service agreement was the date of transfer into flight status and is based solely on length of service as a flight service employee.

Nuss transferred to flight service on April 15, 1973, and submitted an EEOC charge on May 21, 1974. Oetzel transferred to flight service on June 5, 1972, and submitted an EEOC charge on April 24, 1974. Ward transferred to flight service on April 8, 1973, and submitted an EEOC charge on November 1, 1974. Tomkinson transferred to flight service on June 5, 1972, and submitted an EEOC charge on December 24, 1974.

■ To maintain an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, a plaintiff must file a timely charge of discrimination with the EEOC. Title VII § 706(e). *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 1887 n. 4, 52 L.Ed.2d 571 (1977). A charge must "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred," unless proceedings are initially instituted with an appropriate state or local agency, in which case the "charge ... [must] be filed ... within three hundred days after the alleged unlawful employment practice occurred...." Title VII

§ 706(e). Because plaintiffs failed to file their charges within three hundred days of transferring to flight service, their Title VII action is barred.

■ Plaintiffs argue, however, that they are suffering from a continuing violation, and therefore that they are not bound to file an administrative charge. In their view, the violation is continuing because Pan Am's unlawful refusal to transfer them to flight attendant duty when they first requested it continues to deny them their rightful seniority rights. They are wrong. The refusal does not constitute a continuing violation.[1] *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Fowler v. Birmingham News Co.*, 608 F.2d 1055 (5th Cir. 1979); *Trabucco v. Delta Airlines*, 590 F.2d 315, 316 (6th Cir. 1979). *Accord, Farris v. Board of Ed. of City of St. Louis*, 576 F.2d 765, 768 (8th Cir. 1978); *Cates v. Trans World Airlines, Inc.*, 561 F.2d 1064, 1072 (2nd Cir. 1977).

■ Plaintiffs also assert that the violation is continuing because the seniority system is not neutral on its face–some female flight attendants who had resigned because of Pan Am's now discontinued pregnancy policy were reinstated with credit for seniority previously earned. This fact does not demonstrate a lack of neutrality, however. Plaintiffs have not shown that female employees are given seniority credit under the flight–service collective bargaining agreement for time worked in nonflight–service jobs, and thus have not compared themselves to similarly situated employees. Moreover, even the females were not given fictional seniority, but were given actual seniority for time previously worked as flight attendants.

■ Finally, plaintiffs assert that the six–month probationary period required of all flight attendants chilled the exercise of their Title VII rights, and that therefore

1. Plaintiffs contend that the application of *Evans* to "department seniority" cases is unclear and that therefore *United States v. Navajo Freight Lines*, 525 F.2d 1318 (9th Cir. 1975), is controlling. This argument is without merit. *Evans, Fowler v. Birmingham News Co.*, 608 F.2d 1055 (5th Cir. 1979), and *Trabucco v. Del-*

*ta Airlines*, 590 F.2d 315 (6th Cir. 1979), make clear that a neutral departmental seniority system does not convert a prior discriminatory denial of an interdepartmental transfer into a continuing violation. Moreover, *Navajo Freight Lines* did not involve a continuing violation issue.

they should not be barred by the three hundred day limit. This argument has two defects: Title VII explicitly provides a remedy for retaliatory dismissals. *See* 42 U.S.C. § 2000e–3(a); and the six–month probationary period is considerably shorter than the three hundred day limit. Plaintiffs could have filed a timely charge after the expiration of the probationary period.

Affirmed.