Debra **TOLLE**, Timothy **Tolle**, and James E. **Johnson**

v.

**KNOXVILLE'S COMMUNITY DEVELOPMENT CORPORATION, et al.**

No. Civ. 3–80–47.

United States District Court,
E. D. Tennessee, N. D.

Dec. 21, 1981.

Dean Hill Rivkin, Knoxville, Tenn., for plaintiffs.

Arthur D. Byrne, J. Michael Haynes, Jr., Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiffs filed this action on February 7, 1980 against Knoxville's Community Development Corporation (KCDC), its director and the Secretary of Housing and Urban Development. The action was dismissed on February 27, 1980 so that plaintiffs could exhaust administrative remedies within the KCDC Grievance Procedures. The case is now before the Court on motions of plaintiff James E. Johnson to reopen and for class certification and on motion of Margo Gray to intervene or be added as a party.

Plaintiffs are tenants of KCDC. The action was originally commenced by Debra and Timothy Tolle and James E. Johnson. They alleged that KCDC violated the United States Housing Act of 1937 (Act), 42 U.S.C. § 1401 *et seq.* and the governing regulations of the United States Department of Housing and Urban Development (HUD), 24 C.F.R. Part 866, Subpart A, by charging tenants for damage to their apartments regardless of responsibility or fault. They alleged that KCDC's maintenance charge policy violated the Fifth and Fourteenth Amendments to the United States Constitution because it failed to notify them of a formal grievance procedure to challenge the disputed maintenance charges and because it did not provide an opportunity for a hearing. The complaint sought a declaratory judgment that KCDC's policy and the lease provisions under which the assessments were made violate the Act, the HUD regulations and the Constitution. The Court was asked to enjoin KCDC from implementing its maintenance charge policy and directing KCDC to promulgate a policy which did not assess damages without regard to fault. The Court was also asked to require KCDC to advise its tenants that the grievance procedure was available. Mandamus was sought as to defendant Secretary of HUD. Plaintiffs also sought class certification and attorney fees. In an amended complaint plaintiffs sought a refund of any charges assessed without regard to fault and asked that KCDC be directed to expunge from all tenant records any references to damage assessments for damages not caused by the tenant.

On February 19, 1980 the Court held a hearing on plaintiffs' motion for a preliminary injunction. The parties and the Court

agreed that plaintiffs should exhaust administrative remedies within the KCDC Grievance Procedures and that plaintiffs Tolles would not be evicted while the administrative remedies were being pursued. The case was then dismissed without prejudice to reopen it after plaintiffs had pursued their administrative remedies. The United States Court of Appeals for the Sixth Circuit dismissed plaintiffs' appeal and noted that the administrative procedures resulted in relief for plaintiffs.

■ In his motion to reopen plaintiff Johnson seeks the same relief which he sought in the earlier proceeding. The objectionable lease was modified in August, 1980 and plaintiff admits that this change brought KCDC's lease in compliance with HUD regulations. As noted above, plaintiff was refunded his damage assessment as a result of his pursuing the KCDC Grievance Procedure. Plaintiff asserts that these developments have not made his case moot for two reasons. First, he claims that he should be given an opportunity to prove that in spite of the new lease KCDC continues to charge tenants for damages without regard to fault. Second, he contends that he has an interest in being the representative of the class of tenants seeking reimbursement for illegally charged maintenance fees. For this proposition he relies on *Deposit Guarantee National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427, (1980) and *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479, (1980). The former point has merit. Accepting as true plaintiff's factual allegation that KCDC's policy continues to impose liability without fault, the Court is of the opinion that plaintiff has stated a claim. Courts have held that tenants are entitled to continual enjoyment of low cost housing without unwarranted assessments. *Chavez v. City of Santa Fe Housing Authority*, 606 F.2d 282 (10th Cir. 1979); *Escalera v. New York City Housing Authority*, 425 F.2d 853 (2nd Cir. 1970), *cert. denied*, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). For this reason plaintiff's case may be reopened. However, as explained below, this case will not be maintained as a class action.

■ Plaintiff seeks to have his class certified under Rule 23(b)(2), Fed.R.Civ.P. In *East Tennessee Tenants' Association Fairview Chapter v. Harris*, 82 F.R.D. 204 (E.D. Tenn.1979), this Court denied class certification in a similar case. We noted that

The party invoking Rule 23 has the burden of showing that all prerequisites to utilization of the class action procedure have been satisfied. Wright & Miller, *Federal Practice and Procedure* : Civil § 1759. Plaintiffs must show 1) that the class is too numerous for joinder; 2) that common questions link the class; 3) that their claims are typical of those of the class; and 4) that they will adequately protect the interests of the class. Rule 23(a). In addition to these requirements, a party invoking Rule 23 must show that the action falls within one of three categories of class action suits described in Rule 23(b).

82 F.R.D. at 205. Class certification was denied for one cause of action because the claim was primarily one for damages and thus could not qualify under Rule 23(b)(2). The same is true in this case. The relief sought with respect to the lease has already been achieved. The claim for a refund seeks damages and at this point in the case is a major portion of the claimed relief. Rule 23(b)(2) was not intended to apply in such a case. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1314 (9th Cir. 1977); *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 595 (4th Cir. 1976); *Eisen v. Carlisle & Jacqueline*, 391 F.2d 555, 564, later proceedings, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732, (1974).

Nor are we convinced that the proposed class meets the requirements of Rule 23(a). Plaintiff contends that because defendants have allegedly maintained a policy that affected all tenants there is a common question of law or fact. This argument overlooks the fact that plaintiffs must show how this policy affected them. The fault of the individual tenants is at the crux of this case. The issue for each plaintiff would be

whether or not he or she has damaged the dwelling. The great factual diversity is apparent. A separate fact determination would have to be made in each case to determine whether a refund is due and if so in what amount. Because of these factual differences plaintiff could not be representative of the class. These differences in claims and differences in questions of law and fact make this an inappropriate case for class certification. *Doninger, supra,* at 1311; *Craft v. Memphis Light, Gas and Water Division,* 534 F.2d 684, 686 (6th Cir. 1976), *aff'd on other grounds,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30, (1978).

Furthermore, class certification is improper because all members of the putative class have not exhausted the administrative remedies within the KCDC Grievance Procedure. Plaintiff pursued these remedies and was granted relief. The other aggrieved tenants should exhaust these procedures before resorting to this Court. *McKart v. United States,* 395 U.S. 185, 193–95, 89 S.Ct. 1657, 23 L.Ed.2d 194, (1969).

Finally, class certification is simply unnecessary in this case. Any declaratory or injunctive relief will accrue to the benefit of all other tenants whether this action proceeds as a class or not. *Craft, supra,* 534 F.2d at 686. There is no reason to assume that the parties will not conform their conduct to any decree of this Court. *Curry v. Dempsey,* 520 F.Supp. 70, 75 (W.D.Mich. 1981); *McCoy v. Weinberger,* 386 F.Supp. 504, 508 (W.D.Ky.1974). Damage claims will be determined on an individual basis. This procedure will not frustrate the legitimate interests of any of the parties.

■ The remaining motion is that of Margo Gray to intervene or to be added as a party. Ms. Gray, a KCDC tenant, says that she was forced to pay for damages which she did not cause. She, therefore, seeks a refund. She contends that she should be allowed to intervene because she and plaintiff have identical interests and there are common questions of law and fact. The Court has determined that each plaintiff's case will turn on its individual facts. For this reason neither intervention nor the addition of another party is proper.

For the reasons stated, it is ORDERED that plaintiff's motion to reopen the case be, and the same hereby is, granted. It is further ORDERED that plaintiff's motion for class certification be, and the same hereby is, denied. It is further ORDERED that the motion to intervene or be added as a party be, and the same hereby is, denied.

Order Accordingly.