Thomas F. KOHNTOPP, et al.

v.

Jake F. BUTCHER, et al.

Civ. No. 3–83–167.

United States District Court,
E.D. Tennessee, N.D.

July 1, 1983.

---

James E. McCollum, Knoxville, Tenn., Stanley R. Wolfe, Berger & Montague, Philadelphia, Pa., Stanley M. Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, Ohio, for plaintiffs.

Robert R. Campbell, Knoxville, Tenn., Daniel F. Kolb, Washington, D.C., for Ernst & Whinney.

Neal & Harwell, Nashville, Tenn., for Jake F. Butcher.

E.H. Rayson, Andrew Johnson, David Rodgers, Donelson Leake, Knoxville, Tenn., for C.H. Butcher, Jr., and C.H. Butcher, Sr.

Chas. A. Wagner, III, Knoxville, Tenn., for Edward C. Browder.

Richard E. Herod, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, Tenn., for Thomas R. Bell, Ira V. Lay, Jr., Wm. A. Fortune, Kenneth E. Meinken, Jr., and J.E. Gettys.

M.W. Egerton, Jr., Richard E. Herod, Knoxville, Tenn., for William F. Regas.

Jesse D. Campbell, Knoxville, Tenn., for Ted Russell.

Raymond R. Murphy, Jr., Richard J. McAfee, Miller & Martin, Chattanooga, Tenn., for FDIC/UAB.

Geo. W. Ridenour, Jr., pro se.

J. Michael Winchester, Knoxville, Tenn., for Geo. W. Ridenour, Jr.

Robert S. Young, Knoxville, Tenn., for Litton T. Cochran, Harry Nacey, Jr., Ann M. Sherbakoff, Charles A. Terrell, B. Ray Thompson, Sr., Donald M. Tucker, Alvin A. Underwood and Lindsay Young.

Harold Stone, Knoxville, Tenn., for National Investors Life Ins. Co.

Jack M. Tallent, II, Knoxville, Tenn., for Ray Ward and H. Pat Wood.

Archie R. Carpenter, Knoxville, Tenn., for Franklin Holmes, J.D. Wallace, Herbert M. Richardson, Jr., and Thomas E. Sudman.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is an action for violations of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), Rule 10b–5 of the Securities and Exchange Commission, and common law. Plaintiffs allege that defendants committed the violations in connection with the offering for sale stock in the former United American Bank in Knoxville. Plaintiffs ask the Court to certify a class pursuant to Fed.R.Civ.Pro. 23, to be defined as follows:

> All persons who purchased the securities of the United American Bank ("the Bank") during the period from the issuance of the Bank's Annual Report for the year ending December 31, 1980 to February 14, 1983 inclusive (The "Class Period") and who sustained damage as a result of such purchases. Excluded from the Class are defendants herein, members of their immediate families, and any subsidiary, affiliate or controlled person of any defendant.

A majority of the thirty-one defendants move the Court to decline class certification.

In order to have the case certified as a class action, plaintiffs must show:

1) that the class is too numerous for joinder; 2) that common questions link the class; 3) that their claims are typical of those of the class; and 4) that they will adequately protect the interests of the class. Rule 23(a).

*East Tennessee Tenants' Association Fairview Chapter v. Harris,* 82 F.R.D. 204 (E.D. Tenn.1979). Additionally the Court must find that,

questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.Pro. 23(b)(3). Plaintiffs have not carried their burden with respect to these requirements.

First, the purported class is not so numerous that joinder is impracticable. Plaintiffs claim that sixty-three individuals or entities comprise the class. (Romano affidavit). Plaintiffs have already identified these individuals. Defendant, Federal Deposit Insurance Corporation (F.D.I.C.), claims that the class has a maximum of forty-six members. (Marchel affidavit). These numbers may be reduced further when members of the defendants' immediate families, subsidiaries, affiliates, and controlled persons are excluded. In many cases, courts have found joinder of groups composed of more than sixty-three members to be practical. *See e.g., Spectrum Financial Cos. v. Marconsult Inc.,* 608 F.2d 377, 382 (9th Cir.1979); *cert. denied,* 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980); *United Steel Workers of America, Local 8024 v. Jarl Extrusions, Inc.,* 405 F.Supp. 302, 303 (E.D.Tenn.1974), *aff'd,* 527 F.2d 648 (6th Cir.1975). Plaintiffs, who have sued thirty-one defendants in this action, have failed to show that it would be impracticable to join the other shareholders as named plaintiffs.

We also doubt that the "commonality" requirement of Rule 23(a)(2) has been met in this case. Certainly there may be some questions of law and fact common to all buyers of bank stock. Plaintiffs, however, have made broad general allegations of defendants' failures to disclose improper loans through various reports and financial statements. The purported class period covers a substantial period of time. Consequently, each stock purchase must necessarily have been unique, lending the claims to different affirmative defenses. Additionally, the absence of a regular market for the stock (Boruff affidavit), may preclude the use of traditional market related theories to prove individual class member reliance on the claimed misrepresentations or nondisclosures. Furthermore, the determination of damages caused by defendants' alleged conduct will require proof as to each individual buyer of stock. *See Mansbach v. Prescott, Ball & Turben,* 598 F.2d 1017, 1026 (6th Cir.1979).

Additionally, plaintiffs have not shown that their claims are typical claims of the purported class. As discussed above, the buyers of U.A.B. stock made purchases on an extended period of time in different amounts, on the basis of a wide variety of market information. We do not believe that under the circumstances as alleged, any purchaser from December 31, 1980 to February 13, 1983 would have a "typical" claim.

As to the adequacy of representation, our findings above indicate that plaintiffs also fail to meet this requirement. Among other things they lack the incentive to raise issues and rebut defenses in class members' cases having different factual backgrounds from their own. These distinctions may have a substantial bearing on any ultimate judgment in the case.

Finally, even if the prerequisites of a class action could be said to have been met, the common questions do not predominate in the case. The Court also believes that other means of deciding the case are superior to a class action. Fed.R.Civ.Pro. 23(b)(3).

For the foregoing reasons, it is ORDERED that all motions to decline certification of a class action * be, and the same hereby are, granted. It is further ORDERED that plaintiffs' motion for class certification be, and the same hereby is, denied.

Order accordingly.

* Motions 41, 62, 65, 96, and 119.