917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Laura E. CLARK, Plaintiff-Appellant,
v.
STATE OF MICHIGAN, Department of Education, Defendant-Appellee.
 No. 89-1685.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and HERMON J. WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Laura Estella Clark brings this timely appeal from a summary judgment in favor of defendant-appellee State of Michigan Department of Education ("MDOE") in a pro se action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq., through discriminatory and/or retaliatory failure to promote or transfer. For the reasons that follow, we affirm.
 
 I.
 
 2
 The plaintiff is a black female who began working for MDOE in 1975. In 1978 she was reclassified as Secretary IV, and she is currently employed at that level and paid the maximum salary authorized for that level.
 
 
 3
 Eligibility for appointment to a position with the State of Michigan is governed in large part by a person's performance on an examination administered by the Michigan Civil Service Commission. Passing scores are grouped in three "bands." The preferred band includes all scores over ninety. The second band includes scores between eighty and eighty-nine. The third band consists of scores between seventy and seventy-nine, and persons in the third band are considered only if fewer than three applicants from the first and second bands combined are available. Civil service rules allow consideration of a member of a minority though his or her score falls in a lower band if it is found that the minority is underrepresented in the higher bands. During the relevant period, Clark took several civil service exams; however, she consistently failed to achieve a score in the first band.
 
 
 4
 Under the terms of the controlling collective bargaining agreement, state employees who wish to be transferred within the Department of Education or to another state agency must list themselves on a "transfer list." Vacancies are filled by choosing one of the three most senior persons; however, if less than three persons are on the transfer list, a vacancy may be filled by going outside the list. Even if a person is on the transfer list, he or she must possess the necessary skills and qualifications for the job in order to be considered for the transfer. The transfer list expires each year and requires reapplication. The record shows the plaintiff was last on a transfer list as of September 30, 1987.
 
 
 5
 On August 4, 1987, Clark filed a complaint with the EEOC charging that she was being discriminated and retaliated against by MDOE's refusal to promote and transfer her. A Title VII action must be preceded by a timely EEOC complaint. Trabucco v. Delta Airlines, 590 F.2d 315, 316 (6th Cir.1979). In a deferral state such as Michigan, filing is timely if it is done within 300 days of the alleged violation. See 29 C.F.R. Sec. 1601.13. Thus, in this case, only those actions taken on or after October 7, 1986, can provide the basis for Clark's Title VII action.
 
 
 6
 The only failure to promote falling within that time span concerns plaintiff's application for a position as Secretary VI in the State and Federal Relations Unit. Plaintiff was advised that if she wished to be considered for the job she must complete a prescribed "exercise," and was told that her performance on the exercise would be a hiring factor. According to the affidavit of Roberta Stanley, plaintiff's application and exercise contained many errors and fell below the acceptable level. Stanley stated that a more highly qualified applicant was chosen.
 
 
 7
 The record indicates several unsuccessful attempts by the plaintiff to obtain a transfer. In 1986, Clark interviewed for a transfer to the State Board of Education Office. However, the affidavit of Stella Gikas stated that the position was abolished without being filled. Clark also attempted to transfer to the Child Nutrition Unit. According to the affidavit of Peggy Brown, a more qualified person was chosen.
 
 
 8
 In 1987, Clark interviewed for a transfer to the Office of Planning. In an affidavit, Dr. Phillip Hawkins stated that a more qualified applicant was chosen.
 
 
 9
 In the fall of 1987, she interviewed for the position of Secretary VI with the Michigan Rehabilitation Services. She, however, later withdrew her name from consideration according to the affidavit of Robert Losin.
 
 
 10
 The affidavits of Stanley, Gikas, Brown, Hawkins, and Losin all denied knowledge that Clark had filed a prior EEOC complaint. The affiants all stated that neither plaintiff's race nor a desire to retaliate played a part in their personnel decisions.
 
 
 11
 Faced with the motion for summary judgment, Clark submitted a brief containing statements of "rebuttal" to MDOE's affidavits. In general, it can be said that the rebuttal statements accused MDOE of discrimination and criticized MDOE's proof without presenting specific evidence to the contrary. Clark did state that she "believed" the job in the Child Nutrition Unit was not abolished, but, instead, was given to another applicant.
 
 
 12
 The principal issue presented in this appeal is whether there was a genuine issue of material fact that MDOE's personnel actions in regard to Clark were motivated by race or retaliation. Clark also contests the district court's refusal to appoint counsel to represent her and the district court's refusal to postpone a status conference until she could secure counsel.
 
 II.
 A.
 
 13
 We review a district court's grant of summary judgment de novo. Pinney Dock and Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988). Denial of court-appointed counsel in a civil case is reviewed for abuse of discretion. See, e.g., Henry v. City of Detroit, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985). We also review denial of continuances for abuse of discretion. Monteihl v. St. Landry Parish School Bd., 848 F.2d 625, 634 (5th Cir.1988); Watson v. Miears, 772 F.2d 433, 437 (8th Cir.1985).
 
 B.
 
 14
 Assuming arguendo that Clark made out prima facie cases of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and retaliation under Wrenn v. Gould, 808 F.2d 493 (6th Cir.1987), summary judgment was justified in this case because for each alleged instance of discrimination or retaliation, MDOE offered an unrebutted, legitimate nondiscriminatory reason for its actions. See Canitia v. Yellow Freight System, 903 F.2d 1064, ---- (6th Cir.1990) ("[T]he inference of discrimination [or retaliation] created by the prima facie case is dispelled once the employer's [legitimate] reason is stated, until and unless the latter is shown to be a pretext.") (emphasis added) (quoting Gagne v. Northwestern Nat'l Ins., 881 F.2d 309, 314 (6th Cir.1989)). Clark's purported rebuttal began and ended with the conclusion that MDOE discriminated and failed to produce or point to specific evidence to counter the sworn statements of MDOE's personnel. Thus, there was no genuine issue of material fact to prevent the summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 15
 Turning to the district court's refusal to appoint counsel or to postpone the status conference until Clark could hire counsel, we note that a thorough review of the record and the briefs fails to convince us that Clark's case was meritorious. The record shows that at the time of Clark's motion for a continuance she had contacted at least eight attorneys without persuading one to take her case. As we are unconvinced that a continuance would have helped her secure an attorney or that an attorney would have helped in the event she had secured one, we are unable to find an abuse of discretion in the district court's rulings.
 
 III.
 
 16
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation